# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4366 | **DATE** | 7/10/2002 |
| **CASE TITLE** | Zenith Electronics Corporation vs. WH-TV Broadcasting Corp. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff, Zenith's motion to dismiss count I of WH-TV's amended counterclaim is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | | number of notices | |
| | No notices required. | | | **JUL 11 2002** | |
| | Notices mailed by judge's staff. | | | date docketed | 88 |
| | Notified counsel by telephone. | | | | |
| | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| SLB | courtroom deputy's initials | | | mailing deputy initials | |

U.S. DISTRICT COURT
CLERK

02 JUL 10 PM 6: 09

FILED-ED 10

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ZENITH ELECTRONICS CORPORATION, )
)
    Plaintiff, )
) 01 C 4366
    v. )
) Judge George W. Lindberg
WH-TV BROADCASTING CORPORATION, )
)
    Defendant. )

DOCKETED
JUL 1 1 2002

## MEMORANDUM OPINION AND ORDER

Counter-defendant Zenith Electronics Corporation ("Zenith") has moved to dismiss

Count I of counter-plaintiff WH-TV Broadcasting Corporation's ("WH-TV") amended

counterclaim, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). For the reasons

stated below, the motion to dismiss is denied.

### I.    Factual Background

In considering a motion to dismiss, the court must accept as true all well-pleaded facts

and must draw all reasonable inferences from those allegations in the plaintiff's favor. MCM

Partners, Inc. v. Andrews-Bartlett & Assocs., Inc., 62 F.3d 967, 972 (7th Cir. 1995). According to

the allegations in Count I of WH-TV's amended counterclaim, WH-TV broadcasts analog

wireless cable television service in Puerto Rico. WH-TV decided to begin offering digital

television service as well. Digital television requires two types of components: head-end

equipment, which digitalizes, compresses, encrypts and transmits the digital signal; and set-top

boxes, which connect to the television set and receive the signal and decode it. WH-TV decided

to use components that were "DVB-compliant," which would allow WH-TV to use set-top boxes

made by different manufacturers, and thus avoid being limited to a single supplier.

In 1998, WH-TV solicited proposals from various suppliers of set-top boxes, including

Zenith, for set-top boxes with a DVB-compliant digital format. Zenith sent WH-TV a proposal



and made a sales presentation regarding the proposal. In the proposal and sales presentation, Zenith represented that it was experienced in installing DVB-compliant digital television systems, that Zenith had and would supply set-top boxes that were DVB-compliant, that the set-top boxes would function as described in the proposal, and that Zenith had all the licenses and certifications required to manufacture and deliver set-top boxes to WH-TV's specifications, including DVB compliance. In reliance on Zenith's representations, WH-TV ordered more than 7,000 of Zenith's set-top boxes.

Zenith's set-top boxes did not work properly, and WH-TV began to contact other set-top box suppliers for replacements. However, WH-TV then learned that the set-top boxes supplied by Zenith were not DVB-compliant, and thus the signal that made Zenith's boxes function could not be decoded by set-top boxes from other manufacturers. In addition, Zenith did not have the software license to the source code and software tool kit required to make the set-top boxes DVB-compliant.

WH-TV filed a counterclaim against Zenith in Zenith's breach of contract action; WH-TV's amended Count I claims fraudulent inducement. Zenith has moved to dismiss Count I, arguing that it fails to plead fraud with sufficient particularity, and that in any event, it fails to state a claim upon which relief could be granted.

## II.    Discussion

Zenith first contends that Count I should be dismissed for failure to plead fraud with particularity, as required by Federal Rule of Civil Procedure 9(b). This requirement means supplying the "who, what, when, where, and how: the first paragraph of any newspaper story." DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990).

Count I complies with the requirements of Rule 9(b). It details the representations that were made in Zenith's proposal, the date the proposal was sent to WH-TV, and the sender's name. The claim alleges that these representations were also made in a sales presentation on September 10, 1998, giving the location of the presentation, and naming Zenith's employees who

2

made the presentation and WH-TV's employees who heard the presentation. The claim alleges that the same representations were made in other meetings on March 9, 1999 and July 12 or 13, 1999, and again provides the locations of the meetings and names the people who made and received the representations. The claim describes two letters sent from Zenith to WH-TV, in which Zenith's employee indicated that the price quoted for the set-top boxes included DVB-compliant architecture; the claim identifies the dates the letters were sent, the author of the letters, and the recipients. This level of detail is sufficient to satisfy Rule 9(b), and accordingly, Zenith's motion to dismiss Count I pursuant to that rule is denied.

Zenith also argues that Count I fails to state a claim of fraudulent inducement because promissory fraud is not a cognizable claim under Illinois law.[1] When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must consider "whether relief is possible under any set of facts consistent with the allegations of the ... complaint." Pokuta v. Trans World Airlines, Inc., 191 F.3d 834, 839 (7th Cir. 1999). Thus, if it is possible to hypothesize a set of facts that would entitle the plaintiff to relief, consistent with the allegations in the complaint, dismissal under Rule 12(b)(6) is inappropriate. See Graehling v. Village of Lombard, 58 F.3d 295, 297 (7th Cir. 1995).

Illinois generally does not recognize a cause of action for promissory fraud. See Bower v. Jones, 978 F.2d 1004, 1011 (7th Cir. 1992); Bensdorf & Johnson, Inc. v. Northern Telecom Ltd., 58 F. Supp. 2d 874, 881 (N.D. Ill. 1999). That is, to be actionable, a fraudulent statement must relate to an existing fact. HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc., 545 N.E.2d 672, 682 (Ill. 1989). "A 'statement which is merely an expression of opinion or which relates to

---

[1] WH-TV remarks in passing, in a footnote, that if a contractual provision stating that Illinois law governs disputes regarding the contract does not control, this court should apply Puerto Rico law in this case. WH-TV then proceeds to cite exclusively to Illinois law in its brief, as does Zenith. Since WH-TV does not offer a serious argument on the choice of law issue, the court, like the parties, will apply Illinois law. See Wood v. Mid-Valley Inc., 942 F.2d 425, 426-27 (7th Cir. 1991).

future or contingent events, expectations or probabilities, rather than to pre-existent or present facts, ordinarily does not constitute an actionable misrepresentation.'" Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1298 (7th Cir. 1993) (quoting Peterson Indus., Inc. v. Lake View Trust & Sav. Bank, 584 F.2d 166, 169 (7th Cir. 1978)). However, Illinois makes an exception where fraudulent promises are part of a scheme to defraud. See Desnick v. American Broadcasting Cos., 44 F.3d 1345, 1354 (7th Cir. 1995). The distinction between simple promissory fraud and a scheme of promissory fraud is a fine one, but appears to be that in a scheme to defraud, there is a "larger pattern of deceptions or enticements that reasonably induces reliance...." See id.

WH-TV's amended Count I sufficiently alleges fraudulent inducement to withstand a motion to dismiss under Rule 12(b)(6). According to WH-TV's allegations, Zenith misrepresented *existing* facts, such as that Zenith had set-top boxes that were DVB-compliant, and that Zenith had all the licenses and certifications required to manufacture and deliver set-top boxes to WH-TV's specifications, including DVB compliance. Moreover, WH-TV's allegations of misrepresentations of present fact, combined with its allegations of Zenith's promises regarding its future performance, allege a scheme to defraud. These allegations adequately state a claim under the Illinois rule and exception outlined above. Accordingly, the motion to dismiss is denied.

**ORDERED:** Zenith's motion to dismiss Count I of WH-TV's amended counterclaim is denied.

ENTER:

George W. Lindberg
Senior U.S. District Judge

DATED: JUL 1 0 2002

4