Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4366 | **DATE** | 1/8/2003 |
| **CASE TITLE** | Zenith Electronics Corporation vs. WH-TV Broadcasting | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  General Instrument's and Motorola's motion to dismiss count III of WH-TV's third amended counterclaim (181-1) is granted.

(11) ■ [For further detail see order (attached to) the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN - 9 2003 | 236 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| SLB | courtroom deputy's initials | 03 JAN -9 PM 3:22 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



DOCKETED
JAN - 9 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZENITH ELECTRONICS CORPORATION, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | 01 C 4366 |
| v. ) | |
| ) | Judge George W. Lindberg |
| WH-TV BROADCASTING CORPORATION, ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

**MEMORANDUM OPINION AND ORDER**

General Instrument Corporation ("General Instrument") and Motorola, Inc. ("Motorola") have moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Count III of WH-TV Broadcasting Corporation's ("WH-TV") Third Amended Counterclaim. For the reasons stated below, the motion to dismiss is granted.

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor. MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 972 (7th Cir. 1995). According to the allegations in the counterclaim, Zenith Electronics Corporation ("Zenith") agreed to sell set-top boxes to WH-TV, a cable television operator. WH-TV used the set-top boxes in connection with providing digital television service to its customers. Zenith promised that the boxes would function as promised, would contain an enhanced electronic program guide, and would comply with digital video broadcast ("DVB") standards. According to WH-TV, the set-top boxes it bought from Zenith did not function properly,[1] they contained an inadequate electronic program

---

[1] For example, the boxes did not respond properly, re-booted on their own, locked up when changing channels, had no secondary audio program capability, and lacked parental control and close-captioning functions. In addition, during prime time, channels froze up and some

236

guide, and they were not DVB-compliant. The counterclaim alleges that Zenith made efforts to correct some of the functionality problems, and made a schedule under which it was to convert the boxes to DVB-compliance. Zenith's efforts to correct the problems were unsuccessful (and in fact some of the "upgrades" caused new problems), and it did not convert the boxes to DVB-compliance.

On July 17, 2000, Zenith and General Instrument entered into an Asset Purchase Agreement, under which Zenith sold its division that was responsible for designing, developing, and manufacturing the set-top boxes to General Instrument. Under the agreement, General Instrument agreed to assume certain liabilities in connection with the operation of the business. These assumed liabilities included Zenith's obligation to perform warranty repair work on the set-top boxes sold to WH-TV.

Motorola is General Instrument's parent corporation. After the Asset Purchase Agreement was executed, Motorola personnel continued Zenith's efforts to make the WH-TV set-top boxes DVB-compliant, provide a fully functioning electronic program guide, and correct some of the other functional problems WH-TV experienced with the set-top boxes. However, according to WH-TV, the set-top boxes still are not fully DVB-compliant, and still lack a fully functional electronic program guide.

On June 11, 2001, Zenith brought this breach of contract action against WH-TV, alleging that WH-TV failed to pay Zenith for the set-top boxes. WH-TV counterclaimed, alleging fraud and breach of contract, based on its allegations that the set-top boxes were defective and that Zenith's equipment was not DVB-compliant. On October 8, 2002, WH-TV added General

---

subscribers experienced a total loss of video.

Instrument and Motorola as additional counter-defendants, alleging breach of express warranty.

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must consider "whether relief is possible under any set of facts consistent with the allegations of the plaintiff's complaint." Pokuta v. Trans World Airlines, Inc., 191 F.3d 834, 839 (7th Cir. 1999). That is, if it is possible to hypothesize a set of facts that would entitle the plaintiff to relief, consistent with the allegations in the complaint, dismissal under Rule 12(b)(6) is inappropriate. Graehling v. Village of Lombard, 58 F.3d 295, 297 (7th Cir. 1995).

General Instrument and Motorola argue that Count III of the Third Amended Counterclaim should be dismissed because WH-TV fails to state a claim that they assumed an express warranty obligation of Zenith that covers the defects alleged. Although a successor entity generally does not assume the liabilities of its predecessor, a successor may expressly or impliedly agree to assume some or all of its predecessor's liabilities. Vernon v. Schuster, 688 N.E.2d 1172, 1175-76 (Ill. 1997). Thus, the court first examines the Asset Purchase Agreement to determine whether General Instrument expressly assumed any of Zenith's warranty obligations.

The Asset Purchase Agreement provides that General Instrument assumed certain of Zenith's obligations "arising from and after the Closing Date in connection with the operation of the Business...and no others." These "Assumed Liabilities" included Zenith's obligations for warranty repair work on the set-top boxes sold to WH-TV. The "warranty repair obligations" were all of Zenith's obligations "for warranty repair work on products manufactured by the [Zenith] Division and listed in Section 2.28 of the Disclosure Schedule...." Section 2.28 of the Disclosure Schedule lists the set-top boxes sold to WH-TV.

General Instrument and Motorola argue that they did not assume warranty liability for the problems alleged to have infected the set-top boxes because that obligation arose before the closing date. WH-TV responds that because General Instrument agreed to assume all of Zenith's obligations "for warranty repair work on products manufactured by the [Zenith] Division and listed in Section 2.28 of the Disclosure Schedule," General Instrument expressly assumed all the obligations Zenith had relating to the set-top boxes sold to WH-TV. According to WH-TV, these obligations include providing functional and DVB-compliant set-top boxes, as promised by Zenith in its original proposal to WH-TV, without regard to when the problems in those areas arose.

The court agrees with General Instrument. Under general rules of contract construction, "'contracts are to be interpreted as a whole, giving meaning and effect to each provision of the contract.'" Arrow Master, Inc. v. Unique Forming Ltd., 12 F.3d 709, 713 (7th Cir. 1993) (quoting Mayfair Constr. Co. v. Waveland Assoc. Phase I Ltd. P'ship, 619 N.E.2d 144, 152 (Ill. App. Ct.), appeal denied, 624 N.E.2d 809 (Ill. 1993)). WH-TV's reading of the Asset Purchase Agreement would nullify the provision of that agreement that limits the obligations assumed by General Instrument to Zenith's obligations that arise from and after the closing date. The problems with the functionality of the set-top boxes and their failure to conform to DVB standards alleged in WH-TV's counterclaim predated the closing date, and thus were not subject to an express warranty assumed by General Instrument.[2]

WH-TV argues that in any event, General Instrument and Motorola impliedly assumed

---

[2] The court notes that Zenith's statement in the Asset Purchase Agreement relating to potential litigation by WH-TV that "[a]s of June 28, 2000 Zenith believes that all such software bugs [in the set-top boxes sold to WH-TV] have been fixed. [Zenith] and WHTV are working to resolve any open issues." does not change the obligations assumed by General Instrument under the agreement.

broad warranty obligations when Motorola met with WH-TV personnel to address problems with the reliability and function of the set-top boxes, and performed work designed to provide DVB-compliant set-top boxes, provide an enhanced electronic program guide, and provide closed captioning for some channels. However, the Asset Purchase Agreement expressly provides that General Instrument assumed the listed liabilities "and no others," and provides that the agreement "contains the sole and entire agreement between the parties..." Because this contractual language expressly disclaims liability that is not enumerated, the court cannot find that there was an implied assumption of liability. See City of Aurora v. American LaFrance Corp., No. 81 C 6638, 1985 WL 3141, at *4 (N.D. Ill. Oct. 10, 1985). General Instrument and Motorola did not impliedly assume a broad obligation to correct problems with the functionality of the set-top boxes, or to convert them to DVB-compliance.

Finally, General Instrument and Motorola contend that WH-TV cannot even maintain a claim of breach of the limited warranty repair obligation that General Instrument assumed in the Asset Purchase Agreement because WH-TV did not rely on the terms of that particular warranty when it purchased the set-top boxes. However, the court need not decide whether WH-TV relied on a warranty that was subsequently assumed by General Instrument because WH-TV does not allege that any new problems relating to the set-top boxes arose after the closing date that would be subject to any warranty assumed by General Instrument. To the contrary, WH-TV only alleges that the problems that arose prior to the closing date continued after the closing date. As discussed above, General Instrument did not assume Zenith's obligations with reference to those problems. Accordingly, General Instrument's and Motorola's motion to dismiss WH-TV's express breach of warranty claim is granted.[3]

---

[3] Given this conclusion, the court need not consider Motorola's argument that WH-TV's claim against it should be dismissed because Motorola was not a party to the Asset Purchase Agreement.

5

**ORDERED:** General Instrument's and Motorola's Motion to Dismiss Count III of WH-TV's Third Amended Counterclaim [181-1] is granted.

ENTER:

George W. Lindberg
Senior U.S. District Judge

DATED: JAN 0 8 2003