# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4366 | **DATE** | 2/12/2003 |
| **CASE TITLE** | Zenith Electronics Corp. vs. WH-TV Broadcasting Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] WH-TV's motion for leave to file first amended third-party complaint(255-1) is granted. Enter memorandum opinion and order.
(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | FEB 13 2003 | | |
| | Mail AO 450 form. | DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | 03 FEB 12 PM 4:30 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZENITH ELECTRONICS CORPORATION, | ) | |
| | ) | FEB 1 3 2003 |
| Plaintiff, | ) | |
| | ) | 01 C 4366 |
| v. | ) | |
| | ) | Judge George W. Lindberg |
| WH-TV BROADCASTING CORPORATION, | ) | |
| | ) | FEB 1 3 2003 |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

WH-TV Broadcasting Corporation ("WH-TV") moves to file an amended third-party complaint, alleging claims of equitable estoppel, promissory estoppel, and breach of express warranty against Motorola, Inc. ("Motorola") and General Instrument Corporation ("General Instrument"). Motorola and General Instrument respond that WH-TV's motion should be denied, as amendment would be futile. For the reasons stated below, the motion to file an amended third-party complaint is granted.

Generally, leave to amend the complaint is liberally granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied where amendment is futile. Foman v. Davis, 371 U.S. 178, 182 (1962). Amendment is futile where the amended claim would be incapable of surviving a motion to dismiss. Glick v. Koenig, 766 F.2d 265, 268 (7th Cir. 1985).

According to the allegations in the proposed amended complaint, Zenith Electronics Corporation ("Zenith") agreed to sell set-top boxes to WH-TV, a cable television operator. WH-TV used the set-top boxes in connection with providing digital television service to its customers. In a September 1998 proposal, Zenith promised that the boxes would function as proposed, and would comply with digital video broadcast ("DVB") standards. Zenith also

separately promised that the boxes would contain an enhanced electronic program guide. According to WH-TV, the set-top boxes it bought from Zenith did not live up to Zenith's promises. Zenith made efforts to correct some of the problems, but was unsuccessful.

On July 17, 2000, Zenith and General Instrument entered into an Asset Purchase Agreement, under which Zenith sold to General Instrument its division that had designed, developed, and manufactured the set-top boxes. Under the agreement, General Instrument agreed to assume certain liabilities in connection with the operation of the business, including certain of Zenith's warranty repair obligations.

Motorola is General Instrument's parent corporation. After the Asset Purchase Agreement was executed, Motorola personnel continued Zenith's efforts to make the WH-TV set-top boxes DVB-compliant, provide a fully functioning electronic program guide, and correct some of the other functional problems WH-TV experienced with the set-top boxes. However, according to WH-TV, Motorola failed to make the set-top boxes fully DVB-compliant, provide a fully functional electronic program guide, or fix software problems in a timely manner. In addition, WH-TV alleges that Motorola created some new software problems.

The court first examines WH-TV's proposed estoppel claims. The elements of equitable estoppel under Illinois law are: (1) words or conduct amounting to a misrepresentation or concealment of a material fact; (2) defendant's knowledge that the representation was false; (3) plaintiff's lack of knowledge as to the falsity of the representation; (4) defendant's intention or reasonable expectation that the misrepresentation would be acted upon; (5) plaintiff's detrimental, good faith reliance on the misrepresentation; and (6) prejudice to the plaintiff if the defendant is permitted to deny the falsity of the misrepresentation or concealment. Vaughn v. Speaker, 533 N.E.2d 885, 890 (Ill. 1988). The elements of promissory estoppel are: (1) an

unambiguous promise; (2) plaintiff's reasonable reliance on the promise; (3) the reliance must have been expected and foreseeable by defendant; and (4) injury from the reliance. Fischer v. First Chicago Capital Markets, Inc., 195 F.3d 279, 283 (7th Cir. 1999).

WH-TV's proposed amended third-party complaint alleges that Motorola, through its actions and statements, promised and knowingly falsely represented to WH-TV that it had assumed various of Zenith's contractual responsibilities to correct problems in the set-top boxes. The complaint alleges that WH-TV was not aware that these representations were false. The complaint further alleges that Motorola expected WH-TV to rely on Motorola's assumption of these responsibilities. According to WH-TV, it relied on Motorola's representations by delaying enforcing the warranty through legal or other action against Zenith, and by not seeking an alternative supplier of set-top boxes or other repair solutions. WH-TV alleges that its reliance on Motorola's representations resulted in delays in marketing its digital television service. Although WH-TV's allegation that it was somehow injured by not knowing that Motorola was not contractually obligated to perform repair work is not terribly convincing, the estoppel claims appear to be sufficient to withstand a motion to dismiss against Motorola.

WH-TV's proposed amended third-party complaint also alleges estoppel claims against General Instrument. The complaint alleges that Motorola made the above promises and representations, and took the above actions, as the agent of an undisclosed principal, General Instrument. Alternatively, alleges the complaint, General Instrument, doing business as Motorola Broadband Communications Sector, made the promises and representations and took the actions. Although General Instrument and Motorola challenge WH-TV's ability to show an agency relationship, at this stage WH-TV's allegation that such a relationship exists is sufficient.

Finally, WH-TV's proposed amended third-party complaint alleges that General Instrument and Motorola breached warranty repair obligations of Zenith that General Instrument assumed under the Asset Purchase Agreement. This court dismissed a previous version of WH-TV's breach of warranty claim because the Asset Purchase Agreement provided that General Instrument would only assume such warranty obligations that arose from and after the closing date, and all of the problems alleged in the original claim arose before the closing date. However, the proposed amended third-party complaint now alleges that certain problems with the set-top boxes arose after the closing date, and that Motorola caused at least some of these problems.

General Instrument and Motorola argue that they did not assume even these warranty obligations with respect to WH-TV, because WH-TV denies that the terms of the warranty General Instrument assumed were part of WH-TV's original bargain with Zenith. WH-TV rests its breach of warranty claim on Zenith's guarantee in its September 1998 proposal that the set-top boxes would function as described. WH-TV denies timely receiving sales orders from Zenith that contained a warranty with "standard terms" that warranted that the goods would be free from defects in material, design and workmanship, and conform to the applicable specifications and/or drawings, but limited relief for breach of warranty to "repair and replacement of defective or nonconforming goods." According to General Instrument and Motorola, under the Asset Purchase Agreement, General Instrument did not assume any of Zenith's warranty obligations beyond the standard terms. Therefore, because WH-TV has denied receiving the sales orders containing the standard terms of Zenith's repair warranty, General Instrument and Motorola cannot be liable for a breach of warranty.

A breach of express warranty claim cannot stand where there has not been "a breach of an affirmation of fact or promise that was made a part of the basis of the bargain." Hasek v. DaimlerChrysler Corp., 745 N.E.2d 627, 634 (Ill. App. Ct.), appeal denied, 755 N.E.2d 477 (Ill. 2001). In the Asset Purchase Agreement between Zenith and General Instrument, General Instrument assumed Zenith's warranty repair obligations "on products manufactured by the Division and listed in Section 2.28 of the Disclosure Schedule." That schedule lists the set-top boxes purchased by WH-TV. It is enough that WH-TV has alleged that a warranty formed the basis of its bargain with Zenith, and that General Instrument assumed Zenith's warranty obligations. Whether WH-TV's relief in a breach of warranty claim against General Instrument and Motorola would be limited to repair and replacement of nonconforming goods is a question that the court need not address at this stage.

**ORDERED:** WH-TV's Motion to For Leave to File First Amended Third-Party Complaint [255-1] is granted.

ENTER:

George W. Lindberg
Senior U.S. District Judge

DATED: FEB 1 2 2003

5