# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4366 | **DATE** | 4/22/2003 |
| **CASE TITLE** | Zenith Electronics Corporation vs. WH-TV Broadcasting Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] General Instrument's motion to dismiss counts II and III of Zenith's second amended cross-claim (319-1) is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | APR 23 2003 date docketed | |
| | Notified counsel by telephone. | | | 408 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 03 APR 22 PM 3:08 | date mailed notice | |
| SLB | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
APR 2 3 2003

ZENITH ELECTRONICS CORPORATION, )
)
Plaintiff/Counter-Defendant, )
) 01 C 4366
v. )
) Judge George W. Lindberg
WH-TV BROADCASTING CORPORATION, )
)
Defendant/Counter-Plaintiff. )

## MEMORANDUM OPINION AND ORDER

In 1999 and 2000, Zenith Electronics Corporation ("Zenith") sold set-top boxes ("STBs") to WH-TV Broadcasting Corporation ("WH-TV"), a cable television operator. On July 17, 2000, Zenith and General Instrument Corporation ("General Instrument") entered into an Asset Purchase Agreement, under which Zenith sold to General Instrument the Zenith division that was responsible for manufacturing the STBs. Under the agreement, General Instrument agreed to assume certain liabilities in connection with the operation of the business. The agreement provided that General Instrument would indemnify Zenith from all losses relating to these assumed liabilities.

On June 11, 2001, Zenith brought this breach of contract action against WH-TV, alleging that WH-TV failed to pay Zenith for the STBs. WH-TV counterclaimed, alleging that the STBs were defective, that they did not contain a promised enhanced electronic program guide, and that Zenith's equipment did not comply with digital video broadcast ("DVB") standards, as had been promised. WH-TV later added General Instrument as an additional counter-defendant. Zenith filed a cross-claim for indemnification against General Instrument, in the event that Zenith is held liable to WH-TV.

General Instrument has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts II and III of Zenith's Second Amended Cross-Claim. Count II seeks indemnification in the event that Zenith is held liable to WH-TV for breaching an agreement to deliver an enhanced electronic program guide. Count III seeks indemnification in the event that Zenith is held liable for breaching an agreement to modify the STBs to allow WH-TV to use STBs from other vendors alongside the Zenith boxes.

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must consider "whether relief is possible under any set of facts consistent with the allegations of the plaintiff's complaint." Pokuta v. Trans World Airlines, Inc., 191 F.3d 834, 839 (7th Cir. 1999). That is, if it is possible to hypothesize a set of facts that would entitle the plaintiff to relief, consistent with the allegations in the complaint, dismissal under Rule 12(b)(6) is inappropriate. Graehling v. Village of Lombard, 58 F.3d 295, 297 (7th Cir. 1995).

The Asset Purchase Agreement between Zenith and General Instrument governs Zenith's indemnification claims. That agreement states that General Instrument shall indemnify Zenith against losses sustained by Zenith that result from, arise out of, or relate to "any Assumed Liability." The "Assumed Liability" that is relevant here is General Instrument's assumption of Zenith's obligations under its business contracts and licenses that were to be performed on or after the closing date. The provision of the Asset Purchase Agreement relating to General Instrument's assumption of obligations under business contracts states that General Instrument would assume such obligations:

> provided that, in no event will [General Instrument] assume any obligation of
> [Zenith] that relates to [Zenith's] performance or non-performance of any of its
> obligations under any Business Contract or the terms and conditions of any
> License prior to the Closing Date even if claims with respect thereto are asserted
> after the Closing Date.

The closing date was to be no later than August 31, 2000.

The court first examines General Instrument's motion to dismiss Count II of Zenith's Second Amended Cross-Claim. WH-TV has alleged that Zenith agreed to provide an enhanced electronic program guide in connection with the STBs. According to Zenith, it had no obligation to deliver the program guide as part of its original contract with WH-TV. Zenith argues that any such agreement was made subsequent to the original contract and did not require performance prior to the closing date. Therefore, argues Zenith, the obligation to provide an electronic program guide constituted an obligation under a business contract that continued after the closing date, and was assumed by General Instrument. General Instrument argues that Count II should be dismissed for failure to state a claim because WH-TV does not allege the existence of a separate contract to provide an enhanced electronic program guide. Rather, WH-TV claims that Zenith was obligated to provide the enhanced guide under their original agreement. According to General Instrument, Zenith cannot seek indemnification based on a claim that has not been pled.

This court's March 25, 2003 order granting in part and denying in part Zenith's and WH-TV's motions for summary judgment partly disposes of Zenith's argument relating to the electronic program guide.[1] In that order, the court concluded that there was no dispute that prior

---

[1] Although the court ordinarily is limited to considering the allegations contained in the complaint in deciding a Rule 12(b)(6) motion, the court may take judicial notice of items in the record of the case and matters of general public record, without converting the motion into a motion for summary judgment. See Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994); Parr v. Great Lakes Exp. Co., 484 F.2d 767, 773 n.5 (7th Cir. 1973).

to the time that WH-TV issued purchase orders for the STBs and prior to the delivery of any STBs, Zenith had agreed to supply an enhanced electronic program guide. Thus, contrary to Zenith's allegation in its indemnification claim, the agreement relating to the electronic program guide was part of Zenith's original contract with WH-TV.

Zenith argues that General Instrument nevertheless assumed any obligation to provide an enhanced electronic program guide because performance of that obligation was not required prior to the closing date under the Asset Purchase Agreement. General Instrument responds that this court rejected the same argument in its January 8, 2003 order that dismissed another version of this cross-claim. However, that version of Zenith's cross-claim was silent as to when performance of Zenith's obligation to provide an enhanced program guide was to occur. In addition, WH-TV's counterclaim merely alleged that Zenith promised to provide STBs with an enhanced electronic program guide, and that the STBs that Zenith delivered did not contain such a guide. Based on those allegations, the court reasoned that since all the STBs were delivered before the execution of the Asset Purchase Agreement, Zenith's obligation to provide the program guide was required to be performed before the closing date.

By contrast, Zenith's Second Amended Cross-Claim specifically alleges that "[p]erformance of Zenith's purported agreement to develop certain enhancements to the electronic program guide was not due prior to General Instrument's purchase of the Network Systems Division in August 2000." Moreover, as the court noted in its March 25, 2003 order, a dispute exists as to whether Zenith promised to deliver the program guide by a certain date.

Under Illinois' version of the Uniform Commercial Code, where no time for delivery is agreed upon, that time shall be a reasonable time. 810 ILCS 5/2-309(1). Viewing the facts in the

light most favorable to Zenith, the court concludes that it is possible that delivery of the enhanced program guide after the STB was sold to General Instrument would have been within a reasonable time. Therefore, dismissal of Count II of Zenith's Second Amended Cross-Claim is inappropriate at this time.

The court next considers General Instrument's motion to dismiss Count III of Zenith's Second Amended Cross-Claim. While General Instrument's motion to dismiss was pending, the court granted Zenith leave to amend Count III. The amended version of Count III alleges that in December 1999, WH-TV discovered that another vendor's STBs did not work in WH-TV's system, because those STBs required a different conditional access system ("CAS") than WH-TV had originally used in its system. Apparently Zenith's STBs required a CAS like the one that was initially used, but would not work with this different CAS. According to Zenith, in May 2000, Zenith agreed to modify the software in its STBs to allow them to be used alongside other vendors' boxes that required the different CAS. Zenith alleges that under its original contract with WH-TV, it was not required to supply STBs that could be used with other vendors' boxes that required the different CAS, and the new promise to do so was to be performed after the closing date of the sale of the STB division to General Instrument. Therefore, argues Zenith, General Instrument assumed Zenith's obligations under the May 2000 agreement.

Until now, Zenith has maintained that the CAS generates service information ("SI") tables, that are then decoded by the STBs. In its March 25, 2003 order, this court concluded that, under Zenith's original agreement with WH-TV, Zenith was required to supply STBs that complied with the 1998 DVB standards; these standards governed the specifications for the SI tables. Thus, any subsequent promise Zenith made to modify its equipment in an effort to

remedy its failure to perform its original obligation to provide equipment that complied with the 1998 DVB standards would constitute an obligation relating to Zenith's performance or non-performance of a contractual obligation, which "in no event [would General Instrument] assume."

However, Zenith's amended Count III now alleges that "the conditional access system is not governed by and is unrelated to the DVB-SI Standard [the DVB standard governing SI tables], and the alleged non-conformance thereto." Zenith further alleges that the failure of its STBs to be DVB compliant was of no consequence and did not harm WH-TV. Zenith alleges that its May 2000 agreement was not a cure or remedy for the failure of its boxes to be DVB compliant. In the hearing on Zenith's motion to amend Count III, Zenith's counsel explained that its former understanding that the CAS generated SI tables was wrong, and that new information shows that in fact the CAS is unrelated to the SI tables and DVB compliance. Apparently Zenith's position is that any problems experienced by WH-TV originated in the lack of compatibility with the CAS, and were not caused by any lack of DVB compliance; when Zenith sold its STB division to General Instrument, General Instrument assumed Zenith's obligation to make the modifications to support a different CAS.

General Instrument responds that whether the issue is characterized as one of lack of DVB compliance or lack of compatibility between Zenith's STBs and other vendors' STBs is of no consequence because Zenith promised in its original agreement with WH-TV to supply STBs that were compatible with other vendors' equipment. General Instrument argues that since Zenith was obligated to supply compatible equipment from the outset, its subsequent promise to modify its software to make its STBs compatible with other vendors' equipment was merely an

6

effort to remedy its failure to perform its original obligation. Thus, General Instrument did not assume that obligation when it purchased Zenith's STB division.

In its response to WH-TV's statement of material facts, filed in opposition to WH-TV's motion for summary judgment, Zenith admitted that it represented in its September 1998 STB proposal that its STBs provided the flexibility to "mix and match" various components from many vendors. Even if this representation were part of the record that the court could consider on a motion to dismiss, however, it is insufficient to persuade the court that Count III should be dismissed. While this representation would support a conclusion that Zenith promised to provide STBs that would be compatible with other vendors' STBs in WH-TV's system, it is general enough to be susceptible to other meanings as well.

Zenith claims that the issue of incompatibility with the CAS is unrelated to the issue of DVB compliance. Zenith further claims that it made a new agreement with WH-TV, independent of their original contract, to modify Zenith's software to support the use of a different CAS. Finally, Zenith claims that performance of this obligation was not due prior to the closing date on the sale of the STB division to General Instrument, and that therefore General Instrument assumed this obligation under the Asset Purchase Agreement. The court is not persuaded that it would be impossible for Zenith to prevail on its claim for indemnification under this set of facts. Accordingly, General Instrument's motion to dismiss Count III is denied.

**ORDERED:** General Instrument's Motion to Dismiss Counts II and III of Zenith's Second Amended Cross-Claim [319-1] is denied.

ENTER:

*George W. Lindberg* (signature)

George W. Lindberg
Senior U.S. District Judge

DATED: __APR 22 2003__