IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
**AUG 19 2003**

| | |
|---|---|
| ZENITH ELECTRONICS CORPORATION,<br>    Plaintiff/Counter-Defendant,<br>v.<br>WH-TV BROADCASTING CORP.,<br>    Defendant/Counter-Plaintiff.<br><br>WH-TV BROADCASTING CORP.,<br>    Third Party Plaintiff,<br>v.<br>MOTOROLA, INC. and GENERAL<br>INSTRUMENT CORPORATION,<br>    Third Party Defendants. | No. 01 C 4366<br>Judge George Lindberg<br>Magistrate Morton Denlow<br>JURY TRIAL REQUESTED |

## NOTICE OF MOTION

**TO:    See Attached Service List**

On Wednesday, August 27, 2003, at 10:00 a.m., or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Judge George Lindberg, or any judge sitting in his stead, in Courtroom 1425 of the Dirksen Building, 219 South Dearborn Street, Chicago, Illinois, and shall present **WHTV BROADCASTING CORP.'S MOTION *IN LIMINE* TO EXCLUDE THE OPINION TESTIMONY OF ADAM GOLDBERG**; a copy of which is hereby served upon you.

PEDERSEN & HOUPT

By: _____
Attorneys for WH-TV Broadcasting Corporation

Thomas F. Sax, Esq.
Kimberly S. Cornell, Esq.
James B. Sloan, Esq.
Stanley C. Sneeringer, Esq.
PEDERSEN & HOUPT
161 North Clark Street - Suite 3100
Chicago, Illinois 60601
(312) 641-6888
Fax: (312) 641-6895

TFS 372147 v1 August 18, 2003

DOCKETED
AUG 1 9 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZENITH ELECTRONICS CORPORATION, ) <br> ) <br> Plaintiff/Counter-Defendant ) <br> vs. ) <br> ) <br> WH-TV BROADCASTING CORP., ) <br> ) <br> Defendant/Counter-Plaintiff ) <br> _____ ) <br> ) <br> WH-TV BROADCASTING CORP., ) <br> ) <br> Third Party Plaintiff ) <br> vs. ) <br> ) <br> MOTOROLA, INC. and ) | No. 01 C 4366 <br><br> Judge George Lindberg <br><br> Magistrate Morton Denlow |

## WHTV BROADCASTING CORP.'S MOTION *IN LIMINE* TO EXCLUDE THE OPINION TESTIMONY OF ADAM GOLDBERG

WH-TV Broadcasting Corp. ("WHTV") moves to exclude the opinion testimony of Adam Goldberg, a purported expert witness for Zenith Electronics Corporation ("Zenith"). In support of this Motion the following is stated.

### I. INTRODUCTION

WHTV moves to exclude the opinion testimony of Adam Goldberg, a purported expert witness for Zenith whose opinion is offered solely to support the theory that the Di2K Transport Stream Usage Module External Reverence Specification ("Di2K Spec.") dated January 27, 1998 is not inconsistent with Zenith's September 1, 1998 Proposal to WHTV. Goldberg's testimony should be prohibited because (a) under Rule 37(c)(1), F.R.Civ.P., and Rule 702, F.R. Evid., Goldberg's "opinion" – all two pages of it (Exhibit A hereto) – utterly fails to pass any possible

TFS 372659 v1 August 18, 2003

interpretation of the rules related to the admissibility of expert opinion testimony; and (b) in the absence of such a ruling, his testimony is simply no longer relevant because it only relates to the issue of DVB compliance – an issue already adjudicated by this Court.

## II. SUMMARY OF GOLDBERG'S REPORT

Goldberg's entire opinion consists of two conclusory sentences:

> It is my opinion that the system information protocol described by the Usage Document is consistent with and satisfies the claims with respect to DVB compatibility and System Information or Service Information in the [Zenith] Proposal. That is to say, with respect to system information, it is my opinion that the Zenith receiver delivered to WHTV meets the features promised in the Proposal.

(Goldberg Rpt., p. 2. Ex. A.) Goldberg arrived at this opinion by the following methodology, in toto:

> I have examined the claims and representations made with respect to DVD Compatibility in System Information or Service Information in document referred to as [2], above (the Proposal). I also examined the document referred to as [5], above (the Usage Document), and compared these two documents: what was proposed and what was designed and implemented.

*Id.*

## III. ARGUMENT

### A. GOLDBERG "OPINION" DOES NOTHING TO AID THE TRIER OF FACT

Goldberg cited two key documents in his report of October 19, 2002 under the paragraph entitled "Methodology and Analysis." One is the Set-Top Box Proposal prepared for WHTV Broadcasting Corporation, September 1, 1998 ("STB Proposal"). The second is a document authored by C-Cube Microsystems, referenced as "Di2K Transport Stream Usage Module

External Reference Specification (MERS), C-Cube Microsystems, Version 1.7, January 27, 1998 (the "Di2K Spec."). The first document, the STB Proposal, is only part of what was represented and promised by Zenith to WHTV. It does not include the ongoing dialogue and two further oral written presentations by Zenith to WHTV relating to the STB features and functionality.

The second document, the Di2K Spec., reflects a technical standard which in fact was adopted by Zenith for the Z12C software. (A copy of the Di2K is attached hereto as Exhibit "B".) The Di2K Spec. clearly demonstrates that the Z12C was not DVB compliant. The Di2K Transport Stream Usage MERS explicitly says that the STBs do not use the following DVB mandatory Service Information Tables: EIT Actual Present/Following and the SDT Actual SI Tables. Zenith cannot logically dispute that the Di2K Transport Stream Usage MERS, software that was used in the Z12C, is not DVB where the software specifications explicitly state that it does not use DVB STB Actual and DVB EIT Actual Present/Following Service Information Tables. The Court need only look at Table 3 of the Di2K Transport Stream Usage MERS, reproduced in part below, to see that the Di2K Transport Stream Usage MERS is not DVB in these respects.

**TABLE 3: table_id usage**

| Description | table_id value | Defined By | Used by Di2K |
|---|---|---|---|
| SDT section (actual transport) | 0 x 42 | DVB | no |
| EIT section (actual, p/f [present following]) | 0 x 4E | DVB | no |

(*See* Ex. B, p.6.)

The chart shows unequivocally that the Di2K Transport Stream Usage MERS software is

not DVB with respect to the EIT Actual Present/Following and the SDT Actual. Given the clarity of the Di2K Transport Stream Usage MERS information in the chart, and the fact that the Z12C STBs sold to WHTV incorporated the Di2K Transport Stream Usage MERS software, Zenith is reduced to trumping up Goldberg's "expert" opinion to say that the Di2K Spec. is not inconsistent with the representations in the Proposal sent by Zenith to WHTV. (Exhibit A, p. 2.)

Goldberg's "opinion" in this regard is entirely worthless for a variety of reasons: First, Goldberg did not review *any* Zenith document that would have indicated whether or not the Di2K Spec. technical standard was actually incorporated in the Z12C software. Having so artificially truncated his examination, his opinion is not meaningful - especially where the Z12C incorporates the Di2K Spec.[1]

Second, Goldberg ignores that the representations of DVB compliance by Zenith not only originated from the Zenith proposal, but also from two powerpoint presentations in Puerto Rico and numerous discussions between September 1998 and May 1999, when the orders were first placed. DVB compliance and the concept of STB interoperability was what WHTV was sold irrespective of whether the Di2K Spec. is consistent with the STB Proposal. The fact is that the Di2K Spec. is one software specification incorporated in the Z12C. The Di2K Spec. shows the software in the STBs is not DVB and WHTV purchased a DVB STB based upon both the Proposal, the presentations in Puerto Rico, and the ongoing communications between the parties.

---

[1] WHTV can directly attribute the non-DVB Di2K Transport MERS to the Z12C STB sold to WHTV. In the "Z12C Technical Notes OS. Upgrade Procedure" *authored by Zenith* and dated August 24, 1999, the Divicom Di2K Transport Stream Usage MERS itself is referenced. (A copy of "Z12C Technical Notes" is attached hereto as Exhibit C, p. 3.) Thus, in combination, the Di2K Spec. and the Z12C Technical Notes OS. show the STBs sold to WHTV were not DVB.

TFS 372659 v1 August 18, 2003                     4

In short, Goldberg's opinion is both incomplete and irrelevant to anything in this case.

Third, Goldberg did not consider as part of his "methodology" the testimony of Zenith's own witnesses who said that the representation in the Proposal that the STBs had DVB "SI Table Management" was intended to convey that the SI Tables themselves were DVB. Zenith's own employees confirmed that the representation in the Proposal of DVB "SI Table Management" meant that the service information tables contained in the STB software would be compliant with the then-existing DVB standards. (*See* WHTV Statement of Material Facts filed in connection with WHTV Motion for Summary Judgment against Zenith SMF ¶¶32, 22). The Di2K Spec. is inconsistent with any representation of DVB compliance by Zenith, including the DVB SI Table Management.

### B.  GOLDBERG FAILED TO PROVIDE A PROPER REPORT THAT EXPLAINS HIS METHODOLOGY AND THE APPLICATION OF THAT METHODOLOGY TO THE FACTS IN THIS CASE

FED.R.CIV.P. 26(a)(2) requires a testifying expert to submit a report that contains a complete statement of all opinions to be expressed "and the basis and the reasons therefore; ..." FED.R.CIV.P. 37(c)(1), F.R.Civ.P. provides that a party who fails to disclose information

> required by Rule 26(a) is not permitted to use as evidence at trial any witness or information not so disclosed without "substantial justification." *Id.* The "automatic" nature of this sanction was intended to provide strong inducement to a full disclosure. Rule 37, Advisory Committee Comments to 1993 Amendments. This issue is properly raised by motion *in limine. See, e.g., Nguyen v. IBP, Inc.,* 162 F.R.D. 675, 682 (D. Kan. 1995).

The Seventh Circuit has ruled that exclusion of an expert's testimony is automatic and mandatory where the party submits an expert report that does not meet the substantive requirements of Rule 26(a)(2). *See, Salgado v. General Motors Corp.,* 150 F.3d 735, 742 (7th

Cir. 1998). Goldberg's "report" is exactly the type of slipshod product that the automatic, mandatory rule was intended to prevent by the "inducement" of exclusion. The report does not meet the substantive requirements of Rule 26(a)(2) because it does not give any basis or reasons for Goldberg's conclusions.

Goldberg's single sentence explaining his methodology (p. 2, *supra*) simply states that he compared the two documents: the STB Proposal and the Di2K Spec. There is absolutely no analysis set forth in his report, and it certainly does not bespeak expertise that will be helpful to the trier of fact. There is also no indication that Goldberg has any knowledge of the performance characteristics or specifications of what was actually delivered to WHTV. Moreover, to the extent that he relied upon documents, he clearly did not rely on the plethora of documents that indisputably show that the STBs are not DVB – as already adjudicated by the Court. Goldberg never considered the evidence showing the actual product delivered to WHTV was not DVB with respect to Service Information Tables EIT Actual Present Following or the SDT Actual, *exactly as described in the Di2K Spec.*

Goldberg purports to interpret the relationship between the two documents but he does not explain his analysis of either one. He does not explain how the Di2K Spec., which clearly indicates that the Z12C uses non-DVB compliant EIT and SDT Service Information Tables, can be reconciled with the representations of "DVB SI Table Management" as set forth in the STB Proposal. His bare conclusion on the relationship between Di2K Spec. and the STB Proposal, without question, fails to comply with the requirement that the report express the "basis and reasons" for the purported expert's opinions.

## C.  GOLDBERG'S TESTIMONY MUST ALSO BE EXCLUDED UNDER FED. R. EVID. 702

Even had Goldberg's two-page report been remotely in compliance with Fed.R.Civ.P. 26(a)(2), his proposed testimony still would not pass muster under FED. R. EVID. 702. His lack of analysis upon which to draw his conclusions bars his qualifications as an expert.

Rule 702 requires a level of expertise applied to the subject of the testimony that will assist the trier of fact to understand the evidence. The witness cannot simply offer credentials and testify at will. This is particularly imperative when the expertise is not academically grounded.

> If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusions reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. The trial court's gatekeeping function requires more than simply "taking the expert's word for it."

Advisory Committee Notes to 2000 Amendment, FED. R. EVID. 702.

"[Any] experts' work is admissible only to the extent it is reasoned, uses the methods of the discipline, and is founded on data. Talking off the cuff - deploying neither data nor analysis - is not acceptable methodology." *Bourelle v. Crown Equipment Corp.*, 220 F. 3d 532, 539 (7th Cir. 2000); citing, *Lang v. Kohl's Food Stores, Inc.*, 217 F. 3d 919 (7th Cir. 2000).

Goldberg has deployed neither data nor analysis. His opinion lacks any analysis or foundation. It is therefore inadmissible. *Rosen v. Ciba-Geigy Corp.*, 78 F. 3d 316, 318 (7th Cir. 1996). In monitoring expert testimony, a court must exclude "subjective belief or unsupported speculations." *Muzzey v. Kerr-McGee Chem. Corp.*, 921 F. Supp. 511, 518 (N.D. I*ll. 1996).

In *Mid-State Fertilizer Co. v. Exchange National Bank of Chicago*, 877 F. 2d 1333, 1339

(7th Cir. 1989), the Seventh Circuit held that, to be useful, an expert's report must present both the facts relied upon and the reasoning employed: the report should "'set forth facts' and by implication in the case of experts ... a process of reasoning beginning from a firm foundation." *Id.* However, "[a]n expert who supplies nothing but a bottom line supplies nothing of value to the judicial process." *Id.*

Goldberg's conclusion is just such an off-the-cuff statement that adds nothing but a bottom line conclusion and, indeed, is deceptive because it implies rigorous engineering analysis of technology when in fact no such analysis was undertaken. A failure to employ and disclose any real methodology cannot be cured, even if Goldberg's meaningless report could be expanded.

### D. GOLDBERG'S OPINIONS RELATING TO DVB ARE INADMISSIBLE BECAUSE THEY RELATE TO ISSUES PREVIOUSLY ADJUDICATED BY THIS COURT

Goldberg's opinions relate to whether or not Zenith breached its obligations to provide DVB compliant STBs to WHTV. This Court, however, has already adjudicated Zenith in breach of its contract with WHTV based on its failure to deliver STBs that complied with the 1998 DVB service information table specifications. Specifically, on March 25, 2003, this Court held as follows:

> Since the agreement between Zenith and WH-TV does not specify any year for the applicable DVB standards, the then-current DVB standards applied. The 1998 standards were in effect when WH-TV requested a proposal from Zenith, when Zenith made its proposal, when WH-TV sent its purchase orders for the STBs, and when the STBs were delivered. Therefore, under its agreement with WH-TV, Zenith was obligated to supply STBs that complied with the 1998 DVB standards. If failed to meet that obligation. The court concludes, as a matter of law, that Zenith breached its agreement to provide DVB-compliant STBs.

(March 25, 2003, Memorandum Opinion and Order, p. 9.) Because the issue of DVB compliance has already been decided by this Court, Zenith should be barred from offering the expert testimony

of Goldberg on the subject of whether Zenith promised and delivered DVB compliant STBs to WHTV.

## IV. CONCLUSION

Goldberg's expert report does not remotely meet the minimum requirements of the FED.R.CIV.P. 26 and FED. R. EVID. 702. Goldberg's failure to explain the reasons and basis for his conclusions compels the automatic exclusion of his testimony from the trial of this case. Goldberg's failure to actually examine the delivered product that he is expounding about, while implying the product met written requirements, means that there is no factual foundation for his "expert" opinion and that his testimony must be excluded. Finally, because Goldberg intends to opine on an issue already adjudicated by this Court, Goldberg's opinion is not relevant and will not assist the trier of fact.

Respectfully submitted,

WH-TV BROADCASTING CORPORATION

By: *Kimberly S. Cornell*
One of its Attorneys

Thomas F. Sax, Esq.
Kimberly S. Cornell, Esq.
James B. Sloan, Esq.
Stanley C. Sneeringer, Esq.
PEDERSEN & HOUPT, P.C.
161 North Clark Street, Suite 3100
Chicago, Illinois 60601
Telephone (312) 641-6888

Ramon Dapena
Goldman, Antonetti & Cordova, P.S.C.
American International Plaza
Fourteenth Floor
250 Munoz Rivera Avenue
Hato Rey, Puerto Rico 00918
Telephone (787) 759-4208

# SEE CASE FILE FOR EXHIBITS