# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4366 | **DATE** | 10/1/2003 |
| **CASE TITLE** | Zenith Electronics Corporation vs. WH-TV Broadcasting Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Judgment is entered in favor of Zenith on count I of WH-TV's third amended counterclaim(fraud). Judgment is entered as a matter of law in favor of GI and Motorola on WH-TV's third-party promissory estoppel claims. The parties are directed to notify the court by October 8, 2003 regarding which, if any pending motions in limine are moot in light of this order. The parties should identify each such motion by title and docket number. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| ☒ No notices required, advised in open court. | | | |
| ☒ No notices required. | | number of notices | |
| ☐ Notices mailed by judge's staff. | | OCT 0 2 2003 | |
| ☐ Notified counsel by telephone. | | date docketed | |
| ☐ Docketing to mail notices. | | | 735 |
| ☐ Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| ☐ Copy to judge/magistrate judge. | | | |
| SLB courtroom deputy's initials | 03 SEP 31 PM 1:47 | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZENITH ELECTRONICS CORPORATION, ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | 01 C 4366 |
| v. ) | |
| ) | Judge George W. Lindberg |
| WH-TV BROADCASTING CORPORATION, ) | |
| Defendant/Counter-Plaintiff. ) | |

DOCKETED OCT 0 2 2003

## MEMORANDUM OPINION AND ORDER

As indicated in the final pretrial order, WH-TV maintains counterclaims of fraud in the inducement and breach of contract against Zenith, and a third-party claim of promissory estoppel against GI and Motorola. The court has conducted a pretrial conference pursuant to Federal Rule of Civil Procedure 16(c)(1), for the purpose of determining whether these claims should be eliminated as a matter of law. Rule 16(c)(1) provides that at a pretrial conference, the court "may take appropriate action, with respect to...the formulation and simplification of the issues, including the elimination of frivolous claims or defenses[.]" The advisory committee notes following Rule 16 explain that "[t]here is no reason that this [the elimination of frivolous claims] await a formal motion for summary judgment." For the reasons stated below, the court finds that Zenith is entitled to judgment as a matter of law on WH-TV's fraud claim, and GI and Motorola are entitled to judgment as a matter of law on WH-TV's promissory estoppel claim.

In orders entered over the past three months, this court has limited the evidence WH-TV may present at trial on damages. In orders entered on June 25, 2003 and August 6, 2003, this court barred WH-TV's damages expert, Peter Shapiro, from testifying as to profits he projects WH-TV lost from future subscribers WH-TV would have enrolled through 2008, absent Zenith's breach. This decision was based on the finding that Shapiro's methodology for projecting the number of future subscribers was not reliable under Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993). In addition, the August 6, 2003 order clarified that WH-TV is not precluded from presenting evidence of profits it would have earned from its existing subscribers, including

735

projections of subscriber growth attributable to the growth in households in WH-TV's signal area. The court denied WH-TV's motion to reconsider these orders.

In an order entered on July 23, 2003, this court barred WH-TV from introducing evidence of damages other than what was disclosed in its expert reports. This ruling was based on WH-TV's failure to provide a responsive answer to a Zenith contention interrogatory asking for the nature, amount, and basis for calculation of damages, other than its expert reports. The order states that WH-TV's references to documents in its answer, including WH-TV's financial projections and agreements, were not responsive to the interrogatory. In a September 17, 2003 order denying WH-TV's motion to reconsider the July 23, 2003 order, this court explained that its prior order limited WH-TV's evidence of damages to the *damages* disclosed in the expert reports, and did not permit WH-TV to offer any isolated fact mentioned in its expert reports as evidence of damages. The court concluded that because WH-TV's expert did not identify the cost of the set-top boxes and head-end equipment as damages, evidence of those costs is barred.

In the final pretrial order, WH-TV itemized its damages against Zenith as $20,128,706 to $27,471,776, "[a]s per the Rebuttal Report of Peter Shapiro Ph.D. (subject to reconsideration and/or FRE Rule 103(a))." WH-TV then lists the following as "DAMAGES IN THE ALTERNATIVE IF THE SHAPIRO REPORT REMAINS EXCLUDED":

- $2,603,033 as "Cost of Zenith's STBs (unjust enrichment)"
- $3,909,875 as "Cost of Head-End"
- $6,272,491 as "Losses reflected in financial statements 1999-trial date"
- "in excess of $12,000,000.00" as "Projections of earnings as of March 27, 1998 by Miguel Rodriguez, CPA"
- prejudgment interest, and
- punitive damages.

In the final pretrial order, WH-TV itemized its damages against GI and Motorola as $4,256,359 to $7,925,459, "[a]s per the Post-8/8/00 Report of Peter Shapiro Ph.D."

2

The court conducted a pretrial conference under Rule 16(c)(1) on September 16 and 25, 2003. At the conference, in response to the court's request that counsel for WH-TV state what damages it contends it still can prove, counsel only identified lost profits from future subscribers. When the court asked counsel how it intended to prove such damages in light of the court's prior orders, counsel responded that WH-TV business managers could testify as to the number of future subscribers WH-TV planned to enroll when it launched its digital service, and that WH-TV's expert, Peter Shapiro, could then calculate the profits WH-TV lost, based on that number of subscribers. Alternatively, argued WH-TV, Shapiro could opine as to WH-TV's lost profits based solely on unsupported facts contained in a hypothetical supplied by counsel.

As Zenith noted at the hearing, WH-TV is already foreclosed from offering lay testimony to establish future subscriber growth. On September 16, 2003, the court entered an order addressing Zenith's Motion in Limine to Bar Lay Opinion Testimony Regarding WH-TV's Future Subscriber Growth. In that order, the court denied Zenith's motion as moot, based on WH-TV's representation in its response brief that:

> ...the Court should reconsider its July 23, 2003, Order in part and permit evidence of WHTV's financial plans and projections. Only if the Court reconsiders its July 23, 2003, Order, do Zenith's arguments regarding (1) the ability of lay witnesses to testify as to damages, (2) the foundation for WHTV's projections and (3) the admissibility of those projections as a business record become relevant.

At the Rule 16(c)(1) conference, WH-TV argued that its representation in its response brief actually meant that Zenith's motion was only moot if the court declined to reconsider its July 23, 2003 order to allow WH-TV to use its financial plans and projections as direct evidence of damages. WH-TV argued that now it intends to use lay opinion testimony, not to establish the amount of future lost profits, but to establish the number of future subscribers it would have enrolled; Shapiro would then use that number to opine on the amount of damages.

The court fails to see this strained distinction in WH-TV's response brief. Moreover, even if the court addresses the merits of the issue, WH-TV still would be unable to offer this lay opinion testimony. Federal Rule of Evidence 701 limits a lay witness' opinion testimony to

3

> opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

WH-TV seeks to use its business managers to prove that WH-TV would have enrolled a specific number of future subscribers absent Zenith's breach. WH-TV's business managers may well have sufficient personal knowledge of the existing operations of the business to allow them to offer opinions as to losses of existing customers, and the corresponding loss of profits. However, any opinions as to future sales to future customers are necessarily based on market analysis. Such an analysis would not be based on the business managers' perception or personal knowledge, and would require specialized knowledge. See KW Plastics v. U.S. Can Co., 131 F. Supp. 2d 1265, 1274 (M.D. Ala. 2001) (stating that while manager "may have sufficient personal knowledge based upon his own experience in the industry to provide some type of economic testimony and data, it does not necessarily follow that he has personal knowledge sufficient to project lost profits for six years into the future *on the basis of the loss of customers that KW never had*."); see also generally Martin G. Gilbert, Proving Lost Profits Through Lay Opinion Testimony – Is the Back Door Still Open?, 22 Franchise L.J. 15 (2002). Allowing WH-TV's business managers to offer their projections relating to future subscribers would permit WH-TV to evade the reliability requirements of expert witnesses "through the simple expedient of proffering an expert in lay witness clothing," a strategy that Rule 701 was designed to eliminate. See Fed. R. Evid. 701 advisory committee's note.

Nor is the court persuaded by WH-TV's argument that it could offer to its expert a hypothetical number of future subscribers – based on nothing more than counsel's imagination – and the expert could use that number to opine on lost future profits. WH-TV cites Tuf Racing Prods., Inc. v. American Suzuki Motor Corp., 223 F.3d 585 (7th Cir. 2000) for this proposition. In Tuf Racing Products, the defendant argued that the plaintiff should not have been able to use an accountant to provide expert testimony on lost profits damages because the accountant did not

have a degree in an academic field that might bear on his calculation of damages. Id. at 591. The Seventh Circuit rejected this argument on the basis that Daubert does not require an expert witness to have any particular credentials, and that the accountant's calculations were within his area of competence. Id.

WH-TV's reliance on Tuf Racing Products for the proposition that an expert may offer an opinion based on an unsupported hypothetical appears to stem entirely from the following portion of the opinion:

> From financial information furnished by Tuf and assumptions given him by counsel of the effect of the termination on Tuf's sales, the accountant calculated the discounted present value of the lost future earnings that Tuf would have had had it not been terminated. This was a calculation well within the competence of a C.P.A.

Id. WH-TV's misguided reading of this brief excerpt would nullify the portion of Federal Rule of Evidence 702 that requires an expert's testimony to be "based upon sufficient facts or data." Certainly an expert may offer an opinion in response to a hypothetical question posed by counsel, as apparently did the accountant in Tuf Racing Products. However, the hypothetical question must be based in fact, an issue that was not raised in Tuf Racing Products. WH-TV's argument that a jury could rely on an expert opinion regarding lost profits that is based on a projection of future subscribers concocted entirely from the imagination of counsel, is absurd.

According to WH-TV's counsel at the Rule 16(c)(1) conference, the only type of compensatory damages WH-TV seeks are lost future profits. In light of this court's prior orders, the court concludes that, as a matter of law, WH-TV cannot prove such damages. Injury is an element of both fraud and promissory estoppel. See Roboserve, Inc. v. Kato Kagaku Co., Ltd., 78 F.3d 266, 274 (7th Cir. 1996) (fraud); Quake Constr., Inc. v. American Airlines, Inc., 565 N.E.2d 990, 1004 (Ill. 1990) (promissory estoppel). Without the ability to prove damages, WH-TV's claim of fraud against Zenith, and its claim of promissory estoppel against GI and Motorola, must fail as a matter of law. However, "a failure of proof of damages does not justify the dismissal of a claim for breach of contract, as it does for most tort claims. The victim of a

5

breach of contract is always entitled to nominal damages if he proves a breach but no damages." Olympia Hotels Corp. v. Johnson Wax Dev. Corp., 908 F.2d 1363, 1372 (7th Cir. 1990); see also Hydrite Chem. Co. v. Calumet Lubricants Co., 47 F.3d 887, 891 (7th Cir. 1995). Accordingly, WH-TV may proceed to trial on its breach of contract claim against Zenith, although its damages are limited to nominal damages.[1]

**ORDERED:** Judgment is entered as a matter of law in favor of Zenith on Count I of WH-TV's Third Amended Counterclaim (fraud). Judgment is entered as a matter of law in favor of GI and Motorola on WH-TV's third-party promissory estoppel claims. The parties are directed to notify the court by October 8, 2003 regarding which, if any, pending motions in limine are moot in light of this order. The parties should identify each such motion by title and docket number; the court will supply the parties with a list of motions pending in this case, with their docket numbers.

ENTER:

*George W. Lindberg*
George W. Lindberg
Senior U.S. District Judge

OCT 0 1 2003

DATED: _____

---

[1] Zenith's claims against WH-TV and GI also remain.

6

*Zenith*
v
*WH-TV*

01cv4366
Judge Lindberg

(As of Sep 25 19:40)                                                    Page    1

U. S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

Motions for case: 1:01-cv-04366
Judge Lindberg, George W.

**************************************************************FILED

1:01cv04366  Zenith Elec Corp v. WH-TV Brdctsg Corp
             Cause: 28:1332 Diversity-(Citizenship)               OCT 0 ? 2003
             Nature of suit:  190 Contract: Other                 JUDGE GEORGE W. LINDBERG
             Case filed/reopened: 06/11/01                        Clerk: UNITED STATES DISTRICT COURT

Doc  # 361   By 3ddft Gen Instrument Corp, et al
Part #   1   for Rule 11 sanctions against WH-TV Broadcasting
             Corporation
             Ref to: Denlow, Morton
             Filed:   03/17/03

Doc  # 496   By pla Zenith Elec Corp
Part #   1   for entry of order regarding order of proof
             Ref to: Denlow, Morton
             Filed:   06/04/03

Doc  # 509   By pla Zenith Elec Corp, et al
Part #   1   to limit WHTV's designation of its damages expert
             Ref to: Denlow, Morton
             Filed:   06/06/03

Doc  # 526   By pla Zenith Elec Corp
Part #   1   to bar testimony of S. Merrill Weiss
             Ref to: Denlow, Morton
             Filed:   06/13/03
             Response: due **/**/**   Last filed: 06/30/03 Ext: 0

Doc  # 565   By pla Zenith Elec Corp
Part #   1   in limine to bar the testimony of WHTV's damages
             expert Rick Lawrence
             Ref to: Denlow, Morton
             Filed:   07/08/03
             Und Adv: 09/19/03
             Response: due **/**/**   Last filed: 07/22/03 Ext: 0

Doc  # 639   By dft WH-TV Brdctsg Corp, et al
Part #   1   to take discovery to authenticate and establish
             foundations for documents from the late production
             Ref to: Denlow, Morton
             Filed:   08/14/03  Hearing:  set 08/21/03
             Reply:    due **/**/**   Last filed: 08/20/03 Ext: 0

Doc  # 641   By unk Motorola Inc, et al
Part #   1   in limine to bar all evidence of alleged promises
             made by General Instrument or Motorola except the
             alleged promise made by William Luehrs at the
             11/6/00 Philadelphia meeting regarding the
             correcting of "remaining technical defects"
             Ref to: Denlow, Morton
             Filed:   08/18/03
             Und Adv: 09/19/03

Doc  # 642   By unk Motorola Inc, et al
Part #   1   in limine to bar testimony by Don Alexander
             regarding any promises allegedly made by Motorola
             or General Instrument to provide an enhanced
             program guide
             Ref to: Denlow, Morton
             Filed:   08/18/03
             Und Adv: 09/19/03

Doc  # 643   By unk Motorola Inc, et al
Part #   1   in limine to bar evidence of negligent performance
             Ref to: Denlow, Morton
             Filed:   08/18/03
             Und Adv: 09/19/03
             Response: due **/**/**  Last filed: 09/19/03 Ext: 0

Doc  # 644   By unk Motorola Inc, et al
Part #   1   in limine to bar Zenith from recovering more than
             $100,000 if performance of its obligation to
             provide an enhanced program guide to WHTV was not
             due until after the closing of the asset purchase
             agreement
             Ref to: Denlow, Morton
             Filed:   08/18/03
             Und Adv: 09/19/03

Doc  # 645   By unk Motorola Inc, et al
Part #   1   in limine to bar parol evidence of the intent of
             the parties to the asset purchase agreement and
             extrinsic evidence of post-asset purchase services
             performed by General Instrument and Motorola
             Ref to: Denlow, Morton
             Filed:   08/18/03
             Und Adv: 09/19/03
             Response: due **/**/**  Last filed: 09/19/03 Ext: 0

Doc  # 646   By unk Motorola Inc, et al
Part #   1   in limine to bar WHTV from denying that Zenith
             attended the 11/6/00 meeting in Philadelphia
             Ref to: Denlow, Morton
             Filed:   08/18/03
             Und Adv: 09/19/03

Doc  # 647   By unk Motorola Inc, et al
Part #   1   in limine to bar reference to, or use of, evidence
             relating to document production issues and the
             motion for rule to show cause.
             Ref to: Denlow, Morton
             Filed:   08/18/03
             Und Adv: 09/19/03
             Response: due **/**/**  Last filed: 09/19/03 Ext: 0

U. S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

Motions for case: 1:01-cv-04366
Judge Lindberg, George W.

****************************************************************

```
Doc  # 648    By unk Motorola Inc, et al
Part #   1    in limine to bar use, as substantive evidence, of
              depositions taken when General Instrument
              Corporation and Motorola, Inc. were not parties,
              other than depositions of witnesses who were
              General Instrument Corporation and Motorola, Inc.
              Ref to: Denlow, Morton
              Filed:   08/18/03
              Und Adv: 09/19/03
              Response: due **/**/**   Last filed: 09/19/03 Ext: 0

Doc  # 649    By unk Motorola Inc, et al
Part #   1    in limine to bar experts and opinions not
              disclosed pursuant to Rul 26(a)(2).
              Ref to: Denlow, Morton
              Filed:   08/18/03
              Und Adv: 09/19/03
              Response: due **/**/**   Last filed: 09/19/03 Ext: 0

Doc  # 650    By unk Motorola Inc, et al
Part #   1    in limine to bar reference to, or use of,
              unauthenticated documents.
              Ref to: Denlow, Morton
              Filed:   08/18/03
              Und Adv: 09/19/03
              Response: due **/**/**   Last filed: 09/19/03 Ext: 0

Doc  # 651    By unk Motorola Inc, et al
Part #   1    in limine to bar reference to, or use of, evidence
              of alleged harm or damages relating to the timing
              of Motorola's delivery of the December 2001
              software release.
              Ref to: Denlow, Morton
              Filed:   08/18/03
              Und Adv: 09/19/03
              Response: due **/**/**   Last filed: 09/19/03 Ext: 0

Doc  # 652    By unk Motorola Inc, et al
Part #   1    in limine to exclude anticipated evidence from
              WH-TV Broadcasting Corp. concerning defects in
              set-top box converters not disclosed in its
              answers to interrogatories.
              Ref to: Denlow, Morton
              Filed:   08/18/03
              Und Adv: 09/19/03
              Response: due **/**/**   Last filed: 09/19/03 Ext: 0
```

U. S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

Motions for case: 1:01-cv-04366
Judge Lindberg, George W.

```
****************************************************************
```

```
Doc  # 653   By unk Motorola Inc, et al
Part #   1   in limine to bar reference to, or use of, evidence
             relating to Zenith's previously stricken theory in
             the now dismissed amended count III of Zenith's
             second amended crossclaim against General
             Instrument.
             Ref to: Denlow, Morton
             Filed:    08/18/03
             Und Adv: 09/19/03
             Response: due **/**/**  Last filed: 09/19/03 Ext: 0

Doc  # 654   By unk Motorola Inc, et al
Part #   1   in limine to bar reference to General Instrument
             or Motorola allegedly immediately abandoning the
             Z12C program in September 2000.
             Ref to: Denlow, Morton
             Filed:    08/18/03
             Und Adv: 09/19/03
             Response: due **/**/**  Last filed: 09/19/03 Ext: 0

Doc  # 655   By unk Motorola Inc, et al
Part #   1   in limine to bar WHTV from recovering damages
             against them and to bar references inaccurately
             suggesting that WHTV suffered damages recoverable
             from them.
             Ref to: Denlow, Morton
             Filed:    08/18/03
             Und Adv: 09/19/03
             Response: due **/**/**  Last filed: 09/19/03 Ext: 0

Doc  # 656   By unk Motorola Inc, et al
Part #   1   in limine to strike group exhibits 863 through 872
             from WHTV's exhibit list and to bar reference to,
             or use of, WHTV group exhibits 863 through 872.
             Ref to: Denlow, Morton
             Filed:    08/18/03
             Und Adv: 09/19/03
             Response: due **/**/**  Last filed: 09/19/03 Ext: 0

Doc  # 657   By unk Motorola Inc, et al
Part #   1   in limine to bar the 106 WHTV witnesses and the
             over 50 Zenith witnesses who lack personal
             knowledge as to the limited issues relating to
             General Instrument and Motorola and to bar those
             of WHTV's 1,037 exhibits and those of Zenith's 566
             Ref to: Denlow, Morton
             Filed:    08/18/03
             Und Adv: 09/19/03
             Response: due **/**/**  Last filed: 09/19/03 Ext: 0
```

U. S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

Motions for case: 1:01-cv-04366
Judge Lindberg, George W.

****************************************************************

```
Doc  # 658   By unk Motorola Inc, et al
Part #   1   in limine to bar WHTV from referring to or using
             documents that WHTV should have produced but
             failed to produce until after the close of
             discovery.
             Ref to: Denlow, Morton
             Filed:   08/18/03
             Und Adv: 09/19/03
             Response: due **/**/**  Last filed: 09/19/03 Ext: 0

Doc  # 659   By pla Zenith Elec Corp, et al
Part #   1   in limine to bar the remainder of Rick Lawrence's
             testimony proposed by WHTV
             Ref to: Denlow, Morton
             Filed:   08/15/03
             Und Adv: 09/19/03

Doc  # 660   By pla Zenith Elec Corp, et al
Part #   1   in limine to bar any evidence or reference to
             alleged defects in Zenith's STBs that arose after
             7/17/00.
             Ref to: Denlow, Morton
             Filed:   08/18/03
             Und Adv: 09/19/03
             Response: due **/**/**  Last filed: 09/19/03 Ext: 0

Doc  # 661   By pla Zenith Elec Corp, et al
Part #   1   in limine to bar testimony or reference to
             Zenith's Korean corporate parent.
             Ref to: Denlow, Morton
             Filed:   08/18/03
             Und Adv: 09/19/03
             Response: due **/**/**  Last filed: 09/19/03 Ext: 0

Doc  # 662   By pla Zenith Elec Corp, et al
Part #   1   in limine to bar references to the visionetics
             set-top box as "DVB compliant" or the cause of the
             visionetics STB's alleged failure to work in
             WHTV's system
             Ref to: Denlow, Morton
             Filed:   08/18/03
             Und Adv: 09/19/03
             Response: due **/**/**  Last filed: 09/19/03 Ext: 0

Doc  # 663   By pla Zenith Elec Corp, et al
Part #   1   in limine to bar testimony that remote controls
             were defectively designed
             Ref to: Denlow, Morton
             Filed:   08/18/03
             Und Adv: 09/19/03
             Response: due **/**/**  Last filed: 09/19/03 Ext: 0
```

```
Doc  # 664    By pla Zenith Elec Corp, et al
Part #   1    in limine to bar testimony or other evidence of
              promises or representations to TDS
              Ref to: Denlow, Morton
              Filed:    08/18/03
              Und Adv: 09/19/03
              Response: due **/**/**   Last filed: 09/19/03 Ext: 0

Doc  # 666    By dft WH-TV Brdctsg Corp, et al
Part #   1    in limine to strike report of Juan Acosta and/or
              to bar and exclude at trial the acosta report and
              any accompanying testimony of Juan Acosta.
              Ref to: Denlow, Morton
              Filed:    08/18/03
              Und Adv: 09/19/03
              Response: due **/**/**   Last filed: 09/19/03 Ext: 0

Doc  # 668    By dft WH-TV Brdctsg Corp, et al
Part #   1    in limine against Zenith Electronics Corporation,
              Motorola, Inc. and General Instrument Corporation
              to bar evidence relating to WHTV's
              creditworthiness.
              Ref to: Denlow, Morton
              Filed:    08/18/03
              Und Adv: 09/19/03
              Response: due **/**/**   Last filed: 09/19/03 Ext: 0

Doc  # 669    By pla Zenith Elec Corp, et al
Part #   1    in limine to bar, as against Zenith, any
              testimony, use or reference to the March 13, 2003
              report of Merrill Weiss and the 2/25/03 report of
              Pixelmetrix corporation.
              Ref to: Denlow, Morton
              Filed:    08/18/03
              Und Adv: 09/19/03
              Response: due **/**/**   Last filed: 09/19/03 Ext: 0

Doc  # 670    By pla Zenith Elec Corp, et al
Part #   1    in limine to bar testimony and other evidence by
              WHTV regarding custom disconnections.
              Ref to: Denlow, Morton
              Filed:    08/18/03
              Und Adv: 09/19/03
              Response: due **/**/**   Last filed: 09/19/03 Ext: 0

Doc  # 671    By dft WH-TV Brdctsg Corp, et al
Part #   1    for adverse inference jury instruction against
              Motorola, Inc. and Genera Instrument Corporation.
              Ref to: Denlow, Morton
              Filed:    08/18/03
              Response: due **/**/**   Last filed: 09/19/03 Ext: 0
```

U. S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

Motions for case: 1:01-cv-04366
Judge Lindberg, George W.

****************************************************************

Doc  # 672   By dft WH-TV Brdctsg Corp, et al
Part #   1   to limit Zenith's designation of technical
             experts.
             Ref to: Denlow, Morton
             Filed:   08/18/03
             Response: due **/**/**   Last filed: 09/19/03 Ext: 0

Doc  # 673   By dft WH-TV Brdctsg Corp, et al
Part #   1   to limit Zenith's designation of its experts
             relating to the MMDS industry and WHTV's damages.
             Ref to: Denlow, Morton
             Filed:   08/18/03
             Response: due **/**/**   Last filed: 09/19/03 Ext: 0

Doc  # 674   By dft WH-TV Brdctsg Corp, et al
Part #   1   in limine against Motorola, Inc. and General
             Instrument Corporation to bar evidence pursuant to
             this court's 5/2/03 and 5/28/03 orders.
             Ref to: Denlow, Morton
             Filed:   08/18/03
             Und Adv: 09/19/03
             Response: due **/**/**   Last filed: 09/19/03 Ext: 0

Doc  # 675   By dft WH-TV Brdctsg Corp, et al
Part #   1   in limine against Zenith Electronics Corporation
             to bar the expert testimony of Ted E. Hartson.
             Ref to: Denlow, Morton
             Filed:   08/18/03
             Und Adv: 09/19/03
             Response: due **/**/**   Last filed: 09/19/03 Ext: 0

Doc  # 676   By dft WH-TV Brdctsg Corp, et al
Part #   1   in limine against Zenith Electronics Corporation
             to bar evidence relating to issues previously
             adjudicated by this court.
             Ref to: Denlow, Morton
             Filed:   08/18/03
             Und Adv: 09/19/03
             Response: due **/**/**   Last filed: 09/19/03 Ext: 0

Doc  # 677   By dft WH-TV Brdctsg Corp, et al
Part #   1   in limine against Zenith Electronics Corporation
             to bar Zenith from offering trial testimonyy of
             Stephen Brown and Jason Lu.
             Ref to: Denlow, Morton
             Filed:   08/18/03
             Und Adv: 09/19/03
             Response: due **/**/**   Last filed: 09/19/03 Ext: 0

U. S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

Motions for case: 1:01-cv-04366
Judge Lindberg, George W.

****************************************************************

```
Doc  # 678    By dft WH-TV Brdctsg Corp, et al
Part #   1    in limine to exclude the opinion testimony of Adam
              Goldberg.
              Ref to: Denlow, Morton
              Filed:   08/18/03
              Und Adv: 09/19/03
              Response: due **/**/**   Last filed: 09/19/03 Ext: 0

Doc  # 679    By dft WH-TV Brdctsg Corp, et al
Part #   1    in limine against Zenith Electronics Corporation
              to bar evidence from Dan Hogan relating to (1)
              Whether Zenith's non-DVB compliant STB's prevented
              WHTV from using other manufacturer's STBs, (2) TDS
              and (3) Visionetics.
              Ref to: Denlow, Morton
              Filed:   08/18/03
              Und Adv: 09/19/03
              Response: due **/**/**   Last filed: 09/19/03 Ext: 0

Doc  # 680    By dft WH-TV Brdctsg Corp, et al
Part #   1    in limine against Motorola, Inc. and General
              Instrument Corporation to bar introduction of
              expert testimony rebutting WHTV's damage claims
              Ref to: Denlow, Morton
              Filed:   08/18/03
              Und Adv: 09/19/03
              Response: due **/**/**   Last filed: 09/19/03 Ext: 0

Doc  # 681    By dft WH-TV Brdctsg Corp, et al
Part #   1    in limine against Zenith Electronics Corporation
              to bar the expert testimony of John M. Mansell,
              Jr.
              Ref to: Denlow, Morton
              Filed:   08/18/03
              Und Adv: 09/19/03
              Response: due **/**/**   Last filed: 09/19/03 Ext: 0

Doc  # 682    By dft WH-TV Brdctsg Corp, et al
Part #   1    in limine to strike report of Julius B. Bagley
              and/or to bar and exclude at trial the Bagley
              report and any accompanying testimony of Julius B.
              Bagley.
              Ref to: Denlow, Morton
              Filed:   08/18/03
              Und Adv: 09/19/03
              Response: due **/**/**   Last filed: 09/19/03 Ext: 0
```

U. S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

Motions for case: 1:01-cv-04366
Judge Lindberg, George W.

****************************************************************

```
Doc  # 683    By dft WH-TV Brdctsg Corp, et al
Part #   1    in limine against Zenith Electronics Corporation,
              Motorola, Inc. and General Instrument Corporation
              to bar evidence (1) that sales orders were mailed
              to WHTV and (2) that Zenith's alleged custom and
              practice was actually followed with respect to
              Ref to: Denlow, Morton
              Filed:   08/18/03
              Und Adv: 09/19/03
              Response: due **/**/**  Last filed: 09/19/03 Ext: 0

Doc  # 684    By dft WH-TV Brdctsg Corp, et al
Part #   1    in limine against Zenith Electronics Corporation
              to bar the expert testimony of Matthew Goldman.
              Ref to: Denlow, Morton
              Filed:   08/18/03
              Und Adv: 09/19/03
              Response: due **/**/**  Last filed: 09/19/03 Ext: 0

Doc  # 685    By dft WH-TV Brdctsg Corp, et al
Part #   1    in limine against Zenith Electronics Corporation
              to bar the expert testimony of Craig T. Elson.
              Ref to: Denlow, Morton
              Filed:   08/18/03
              Und Adv: 09/19/03
              Response: due **/**/**  Last filed: 09/19/03 Ext: 0

Doc  # 686    By dft WH-TV Brdctsg Corp, et al
Part #   1    in limine
              Ref to: Denlow, Morton
              Filed:   08/18/03
              Und Adv: 09/19/03
              Response: due **/**/**  Last filed: 09/19/03 Ext: 0

Doc  # 688    By pla Zenith Elec Corp, et al
Part #   1    for leave to file a summary judgment motion on
              WHTV's counterclaim
              Ref to: Denlow, Morton
              Filed:   08/19/03
              Response: due **/**/**  Last filed: 09/19/03 Ext: 0

Doc  # 697    By 3ddft Gen Instrument Corp, et al
Part #   1    in limine to strike paragraphs 43, 44, 46,47 and
              97 from WHTV's and Zenith's final pretrial order
              stipulation
              Ref to: Denlow, Morton
              Filed:   08/28/03
              Und Adv: 09/19/03
              Response: due **/**/**  Last filed: 09/19/03 Ext: 0
```

U. S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

Motions for case: 1:01-cv-04366
Judge Lindberg, George W.

****************************************************************

Doc  # 697  By 3ddft Gen Instrument Corp, et al
Part #   2  to bar these paragraphs from being read to the
            jury
            Ref to: Denlow, Morton
            Filed:   08/28/03
            Response: due \*\*/\*\*/\*\*   Last filed: 09/19/03 Ext: 0