## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ZENITH ELECTRONICS CORPORATION, )<br>Plaintiff, )<br>v. )<br>  )<br>WH-TV BROADCASTING CORP., )<br>Defendant. )<br>_____ )<br>WH-TV BROADCASTING CORP., )<br>Counter-Plaintiff, )<br>v. )<br>  )<br>ZENITH ELECTRONICS CORPORATION, )<br>MOTOROLA, INC. and GENERAL )<br>INSTRUMENT CORPORATION, )<br>Counter-Defendants. )<br>_____ )<br>ZENITH ELECTRONICS CORPORATION, )<br>Cross-Claimant, )<br>v. )<br>  )<br>GENERAL INSTRUMENT CORPORATION, )<br>Cross-Defendant. ) | No. 01C 4366<br>Judge George Lindberg<br>Magistrate Morton Denlow<br><br>DOCKETED<br>OCT 2 8 2003<br><br>F I L E D<br>OCT 2 4 2003<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

## ZENITH'S RESPONSE TO WHTV'S MOTION TO BAR
## THE EXPERT TESTIMONY OF ADAM GOLDBERG

This response to WHTV's motion to bar the expert testimony of Adam Goldberg is submitted by Zenith Electronics Corporation ("Zenith") pursuant to the Court's Order dated October 17, 2003.

Expert testimony is not only helpful, but in this case arguably essential, to determine whether the Zenith set-top box met the claims of DVB-compatibility set forth in Zenith's proposal. This determination requires knowledge about the particular aspects of the set-top box for which DVB-compliance was promised and whether those particular aspects met the applicable standard. The methodology employed by Adam Goldberg was simple, although it required specialized knowledge to understand the various technical terms: He examined each

752

reference to DVB-compliance in Zenith's proposal and determined whether the item to which such reference related complied with the applicable DVB standards. His opinion is that the Zenith set-top box provided the features promised in Zenith's proposal.

WHTV argues that Goldberg's testimony is irrelevant because it is beyond dispute that neither the data stream (as described by the Di2K Spec), nor the Zenith set-top box which received and interpreted the data stream, used two of the tables as "defined" by DVB – namely, SDT Actual and EIT Actual/Present Following. WHTV is correct that those two tables were not used, but errs in its assumption that the mere fact that those two tables were not used is sufficient to establish that Zenith failed to deliver what was promised in its proposal.

A significant issue, and arguably the threshold inquiry, is whether Zenith's proposal promised the use of those two tables. Goldberg has examined Zenith's proposal and concluded that the proposal did not require, and Zenith did not promise therein, that those two tables would be used. WHTV complains that there was more to Zenith's promise than what was contained in Zenith's proposal, but the objection is irrelevant. Goldberg's testimony is not inadmissible simply because his testimony constitutes only a partial rebuttal of WHTV's claims regarding what was promised. Zenith is free to use other witnesses and evidence to rebut WHTV's assertions regarding "ongoing dialogue," "numerous discussions" and "oral" presentations. Goldberg's testimony, although limited to what was promised in Zenith's proposal, is relevant and helpful to the jury if he were called to testify.[1]

WHTV's further objects that Goldberg "artificially truncated" his examination because he did not determine whether the Di2K Spec was "actually incorporated in the Z12C software." This objection is puzzling, if not downright nonsensical. There is no dispute that the Di2K Spec

---

[1]     On the existing record, and in view of the Court's prior rulings, Zenith has no present intention of calling Mr. Goldberg at trial, but reserves the right to do so in the event the record changes or if the Court's orders are reversed or otherwise modified.

actually describes the data stream used by the Zenith set-top box, and Goldberg assumed as much in his analysis. The only issue on which Goldberg would testify is whether Zenith's proposal promised that its set-top boxes would use the two service information tables at issue – namely, SDT Actual and EIT Actual/Present Following. Goldberg's opinion is that there is nothing in Zenith's proposal that obligated Zenith to provide those tables.

WHTV further argues that Goldberg's interpretation of Zenith's proposal differs from the purported testimony of Zenith's "own witnesses." WHTV's characterization of the record is wrong and in any event would not circumscribe Goldberg's proffered testimony. (See Zenith's Response to WHTV's Amended Statement of Material Facts filed in connection with WHTV's motion for summary judgment, ¶ 32.)

WHTV also mischaracterizes Goldberg's methodology by arguing that he merely compared "two documents" and did not consider "the evidence showing the actual product delivered to WHTV …[did not have the service information tables] exactly as described in the Di2K Spec. This is nonsense. As discussed above, Goldberg in fact assumed that the two tables at issue were not used as shown on the Di2K Spec. His methodology was simple, but sound: Goldberg examined what was promised in the proposal, and what was designed and implemented. He concluded that what was promised in the proposal was in fact delivered.

WHTV complains that Goldberg's report does not give "any basis or reasons for Goldberg's conclusions." Given the purpose of Goldberg's opinion and the posture of the case at the time the report was prepared, WHTV's objection is hollow. The initial expert report of WHTV's DVB expert did not specify in what respect the Zenith set-top box was not DVB-compliant, or otherwise specify in any way the source of Zenith's purported promise that the set-top box would use the two service information tables at issue. Goldberg's opinion was largely in

the nature of rebuttal testimony and given the lack of any specifics by WHTV or its expert as of the date his report was prepared, no further detail was necessary or practical. In any event, WHTV had the chance to depose Goldberg and fully explore the reasons and bases for his opinions. See transcript of Adam Goldberg's deposition attached hereto.

Although WHTV insists that "Goldberg has deployed neither data nor analysis," it does not dispute that Goldberg is an expert in the relevant DVB standards; nor does WHTV claim that there were some other documents that Goldberg should have reviewed. Moreover, it is undisputed that Goldberg was knowledgeable and experienced with the software used by the Zenith set-top box. *Goldberg worked at Divicom*, the company that was responsible (either directly or through an affiliated division) for designing and creating the software used the Zenith set-top box. Indeed, Goldberg directly reported to the principal engineer responsible for the software development. (See Goldberg Tr. 12-13.)

Finally, WHTV argues that Goldberg's testimony relates to an issue previously adjudicated by the Court. WHTV is correct. Zenith respectfully disagrees with the Court's finding on this issue and has listed Goldberg as a witness in order to preserve its right in the event that such order is reversed or otherwise modified.

The foregoing is sufficient grounds to deny WHTV's motion to bar Adam Goldberg for failure to satisfy the standards of *Daubert*. However, in the alternative, Zenith requests a *Daubert* hearing.

Respectfully submitted,

ZENITH ELECTRONICS CORPORATION

By: _____
One of Its Attorneys

Lawrence M. Benjamin (#6196417)
Robert Radasevich (#6199184)
David A. Eide (#6180383)
NEAL, GERBER & EISENBERG LLP
2 North LaSalle Street, Suite 2200
Chicago, Illinois  60602
(312) 269-8000

Dated:  October 24, 2003

## CERTIFICATE OF SERVICE

I, David A. Eide, an attorney, hereby certify that I caused a true and correct copy of **Zenith's Response to WHTV's Motion in Limine to Bar Zenith From Offering Trial Testimony of Adam Goldberg** to be served, by messenger delivery, upon:

> Thomas F. Sax
> Kimberly Stone Cornell
> James Sloan
> Pederson & Houpt
> 161 North Clark, Suite 3100
> Chicago, IL 60601
>
> David M. Simon
> Vilia M. Drazdys
> Michael Dockterman
> Wildman, Harrold, Allen & Dixon
> 225 West Wacker Drive, Suite 2800
> Chicago, IL 60606-1229

and by first-class, postage prepaid U.S. mail upon:

> Ramon Dapena
> Goldman Antonetti & Cordova, P.S.C.
> American International Plaza
> Fourteenth Floor
> 250 Munoz Rivera Avenue
> Hato Rey, PR 00918

on October 24, 2003.

_____
David A. Eide

NGEDOCS :012774.0607 949025.1

# SEE CASE FILE FOR EXHIBITS