# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ZENITH ELECTRONICS CORPORATION, <br> Plaintiff, <br> v. <br> WH-TV BROADCASTING CORP., <br> Defendant. | No. 01C 4366 <br> Judge George W. Lindberg <br> Magistrate Judge Morton Denlow |
| WH-TV BROADCASTING CORP., <br> Counter-Plaintiff, <br> v. <br> ZENITH ELECTRONICS CORPORATION, MOTOROLA, INC. and GENERAL INSTRUMENT CORPORATION, <br> Counter-Defendants. | **DOCKETED** <br> NOV 2 0 2003 <br><br> **FILED** <br> NOV 1 2 2003  rg <br><br> MICHAEL W. DOBBINS <br> CLERK, U.S. DISTRICT COURT |
| ZENITH ELECTRONICS CORPORATION, <br> Cross-Claimant, <br> v. <br> GENERAL INSTRUMENT CORPORATION, <br> Cross-Defendant. | |

### JOINT MOTION FOR ENTRY OF FINAL JUDGMENT ON LESS THAN ALL CLAIMS, FOR CERTIFICATION PURSUANT TO RULE 54(B) AND FOR RULE 16(C) CONFERENCE

This motion is jointly made by the plaintiff and the defendant – Zenith Electronics Corporation ("Zenith") and WH-TV Broadcasting Corporation ("WHTV) – who, by their attorneys, and pursuant to Fed.R.Civ.P. 16(c)(16), respectfully request a pretrial conference to facilitate the just, speedy and inexpensive disposition of this action and for entry of final judgment on less than all claims. In support of this motion, the parties state as follows:

The stipulation attached hereto as Exhibit A effectively disposes of the only count of WHTV's counterclaim that remains pending and also eliminates all of the relief requested or issues raised in Count II of Zenith's First Amended Complaint, except for the personal

1

NGEDOCS :950830.7

jurisdiction issue and governing law to the extent they may relate to Count I of Zenith's First Amended Complaint. The stipulation provides that, over WHTV's objection and based on the existing record and specifically the Court's order of October 1, 2003, the Court has limited WHTV's damages on Count II of its counterclaim to nominal damages. While reserving its objection to the Court's limitation on damages, WHTV also stipulated that nominal damages do not exceed $100. Zenith stipulates that, based on the existing record, WHTV would prevail at trial on Count II of its counterclaim and, accordingly, stipulates to entry of judgment in the amount of $100. The Court should enter judgment in accordance with the stipulation, while noting that the parties do not waive and instead expressly reserve their right challenge on appeal such judgment or the orders on which such judgment is based, including any order finding liability or limiting damages or proof of damages.

Assuming the Court enters judgment on Count II of WHTV's counterclaim, the only claim outstanding between Zenith and WHTV (excluding collateral matters such as the sanctions orders) is Count I of Zenith's Amended Complaint. Based on the existing record, WHTV does not dispute that Zenith would prevail at trial on Count I and be entitled to judgment in its favor in the amount of $152,000 – except if, as WHTV claims, this Court lacks personal jurisdiction over WHTV. Thus, based on the existing record, the only controversy effectively outstanding with respect to Count I of Zenith's First Amended Complaint is whether the Court has personal jurisdiction over WHTV (and, possibly, governing law).

Rule 16(c)(16) authorizes the Court to take action with respect to "such other matters as may facilitate the just, speedy, and inexpensive disposition of the action." Fed.R.Civ.P. 16(c)(16). The parties request that the Court hold a pretrial conference to facilitate the disposition of this action.

NGEDOCS :950830.7

Zenith and WHTV agree on avoiding, if possible, the time and expense in having a trial limited to the issue of personal jurisdiction, but have separate plans for achieving that result. The parties request a pretrial conference for the purpose of addressing their positions in detail. A summary of their respective positions is set forth below.

WHTV opposes litigating the issue of personal jurisdiction without first having an appeal of this Court's prior orders, so as to avoid, assuming the appeal were successful, the time and expense of litigating the merits of its claims separate from the issue of personal jurisdiction. A judgment order proposed by WHTV is attached hereto as Exhibit B.[1] Zenith does not object to an immediate appeal pursuant to Rule 54(b) but submits that, if there is no immediate appeal, the issue of personal jurisdiction could be addressed by summary judgment or otherwise without the necessity of a trial.

Other than Count I of Zenith's Amended Complaint (and the related issue of whether the Court has personal jurisdiction over WHTV), the only other issues outstanding are Zenith's crossclaim against GI and the various collateral orders involving sanctions and the rule to show cause. The disposition of those matters can be addressed once there is direction from the Court regarding further proceedings in this matter with respect to Count I of Zenith's Amended Complaint and/or an immediate appeal of certain orders pursuant to Rule 54(b).

---

[1] Zenith does not object to the order proposed by WHTV, except that, as to paragraph 7 thereof, which dismisses Zenith's declaratory judgment count with prejudice. Zenith objects to the dismissal to the extent it constitutes an adjudication on the merits of any of Zenith's claims or arguments with respect to personal jurisdiction and governing law or would otherwise have a collateral estoppel or res judicata effect with respect to such issues.

3

**WHEREFORE**, for all of the foregoing reasons, the undersigned parties respectfully request that this Court hold a pretrial conference and either enter the order proposed by WHTV in the form attached hereto as Exhibit B, or enter such other order with respect to the matters discussed herein to facilitate the just, speedy and inexpensive disposition of this matter.

                                        Respectfully submitted,

                                        ZENITH ELECTRONICS CORPORATION

                                        By: _____
                                                    One Of Its Attorneys

Lawrence M. Benjamin (#6196417)
Robert Radasevich (#6180383)
David A. Eide (#6199184)
NEAL, GERBER & EISENBERG LLP
2 N. LaSalle St., Suite 2300
Chicago, IL 60602
(312) 269-8000

                                        WH-TV BROADCASTING CORPORATION

                                        By: _____
                                                    One of Its Attorneys

Thomas F. Sax
James B. Sloan
Kimberly S. Cornell
Stanley C. Sneeringer
PEDERSEN & HOUPT, P.C.
161 NORTH CLARK – SUITE 3100
CHICAGO, ILLINOIS 60601
(312) 261-2114

4

NGEDOCS :950830.7

## CERTIFICATE OF SERVICE

Lawrence M. Benjamin, an attorney, states that he served a copy of Plaintiff's **Joint Motion for Leave to File Motion Attached Hereto**, by messenger delivery upon:

| | |
|---|---|
| Thomas F. Sax | David M. Simon |
| Kimberly Stone Cornell | Michael Dockterman |
| James Sloan | Vilia M. Drazdys |
| Pedersen & Houpt | Wildman, Harrold, Allen & Dixon |
| 161 North Clark Street | 225 West Wacker Drive |
| Suite 3100 | Suite 2800 |
| Chicago, IL 60601 | Chicago, IL 60606-1229 |

and by causing the same to be deposited in the U.S. Mail, postage prepaid upon:

Edgar Cartagena-Santiago
Ramon Dapena
Goldman Antonetti & Cordova, P.S.C.
American International Plaza
14th & 15th Floors
250 Munoz Rivera Avenue
Hato Rey, PR 00918

at 2 North LaSalle Street, Chicago, Illinois, on the 12th day of November, 2003 before 5:00 p.m.

_____
Lawrence M. Benjamin

See Case File for Exhibits