# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4366 | **DATE** | 2/4/2004 |
| **CASE TITLE** | Zenith Electronics Corporation vs. WH-TV Broadcasting Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) X Status hearing set for February 11, 2004 at 10:30a.m.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant motion for reconsideration of this court's February 20, 2002 order (764-1) is denied. Plaintiff's motion for leave to file motion for reconsideration of this court's June 18, 2003 order (774-1) is denied as moot. No court appearance required on February 5, 2004. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | FEB 5 – 2004 | | |
| ✓ | Docketing to mail notices. | | date docketed | | 777 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| | | | date mailed notice | | |
| SLB | courtroom deputy's initials | U.S. DISTRICT COURT | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ZENITH ELECTRONICS CORPORATION, )
)
Plaintiff/Counter-Defendant, )
) 01 C 4366
v. )
) Judge George W. Lindberg
WH-TV BROADCASTING CORPORATION, )
)
Defendant/Counter-Plaintiff. )

**DOCKETED**

FEB 5 - 2004

**MEMORANDUM OPINION AND ORDER**

WH-TV Broadcasting Corporation ("WH-TV") is a Puerto Rico corporation that operates

a wireless cable television system in Puerto Rico. Zenith Electronics Corporation ("Zenith") is a

Delaware corporation, with its principal place of business in Illinois. On February 20, 2002, this

court denied WH-TV's motion to dismiss this action for lack of personal jurisdiction. Discovery

was completed long ago, and WH-TV now moves for reconsideration of this court's February 20,

2002 order. For the reasons stated below, WH-TV's motion for reconsideration is denied.

**I.    Factual Background**

In 1998, WH-TV sought a proposal for the sale of set-top boxes ("STBs") from Zenith's

Georgia office, for use in WH-TV's conversion to a digital television service. Negotiations

ensued between WH-TV and Zenith. It appears that most of these negotiations took place in

Puerto Rico and Georgia.[1]    In May 1999, WH-TV sent three purchase orders, for a total of 6,900

---

[1] WH-TV contends that none of these negotiations took place in Illinois. However, some
of the documents attached to WH-TV's reply brief undermine this contention. For example,
although WH-TV states that an April 1999 price quote originated from Zenith's Georgia office,
the actual document is on Zenith's Illinois office's letterhead. Similarly, although WH-TV states
that discussions regarding an electronic program guide occurred solely in Puerto Rico and
Georgia, a Zenith letter to WH-TV discussing the guide also is on Zenith's Illinois office's
letterhead.

777

STBs, to Zenith's Illinois office. The STBs, which were manufactured in Mexico, were delivered to WH-TV in multiple shipments beginning in June 1999. WH-TV made payments to Zenith's Illinois office for the STBs shipped pursuant to these three purchase orders.

In July 1999, WH-TV faxed its specifications for an electronic programming guide for the STBs to Zenith's Illinois office. Also in July 1999, Zenith's Illinois office sent WH-TV sample logos for WH-TV's new digital television service. WH-TV chose one of the samples, and sent its decision to Zenith's Illinois office by e-mail. In August 1999, WH-TV sent an e-mail to Zenith's Illinois office, with an additional inquiry relating to the logo.

Beginning in August 1999, WH-TV reported problems with the STBs to Zenith's engineers in Illinois, and requested technical support. Between August 1999 and the end of 1999, WH-TV initiated numerous discussions with Zenith's Illinois office regarding the performance of the STBs. During that time, Zenith supplied several revised versions of software for the STBs in an effort to correct problems.

On December 14, 1999, WH-TV sent a letter to Zenith's Illinois office requesting 2,000 additional STBs by March 7, 2000. The letter also requested technical support on a number of issues, requested additional training, and requested a simpler remote control. WH-TV sent a fourth purchase order, for the 2,000 STBs, to Zenith's Illinois office on December 23, 1999. Zenith shipped STBs pursuant to WH-TV's fourth purchase order in multiple shipments, with a final shipment of 500 STBs delivered on July 10, 2000.

Between January 2000 and July 2000, when the final shipment of STBs was delivered, discussions continued between WH-TV and Zenith's Illinois office regarding the performance of the STBs. During that time, WH-TV sent numerous e-mails to Zenith's Illinois office reporting

problems, as well as reporting the results of Zenith's attempted fixes.

On June 11, 2001, Zenith brought this action against WH-TV in the Northern District of Illinois, alleging breach of contract for WH-TV's failure to pay for the final shipment of STBs. WH-TV later counterclaimed for breach of contract and fraud.

## II. Legal Standard

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving that personal jurisdiction exists. Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 939 (7th Cir. 2000). In a case based on diversity of citizenship, a federal district court sitting in Illinois has personal jurisdiction over a nonresident defendant only if an Illinois court would have jurisdiction. RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1275 (7th Cir. 1997).

An Illinois court would have personal jurisdiction over a nonresident defendant only where it is permitted by state statutory law, state constitutional law, and federal constitutional law. Id. at 1276. Illinois' long-arm statute extends personal jurisdiction to the limit allowed under the Illinois Constitution and the Constitution of the United States. 735 ILCS 5/2-209(c); RAR, Inc., 107 F.3d at 1276. Thus, the court's inquiry collapses into a state and federal constitutional inquiry. RAR, Inc., 107 F.3d at 1276.

Under the Illinois Constitution, jurisdiction is to be "'asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois.'" Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 715 (7th Cir. 2002) (quoting Rollins v. Ellwood, 565 N.E.2d 1302, 1316 (Ill. 1990)). Since there is little guidance available regarding

3

the reach of the Illinois Due Process Clause, court typically look to the federal Due Process Clause for guidance. See, e.g., id. at 715-16; RAR, 107 F.3d at 1276-77. Thus, the court turns to the federal constitutional limits on jurisdiction.

Under the United States Constitution, the Due Process Clause of the Fourteenth Amendment limits a state court's power to assert personal jurisdiction over a nonresident defendant. RAR, Inc., 107 F.3d at 1277. A defendant must have "certain minimum contacts [with the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted).

Personal jurisdiction may be specific or general. See RAR, Inc., 107 F.3d at 1277. Specific personal jurisdiction exists where the suit arises out of, or is related to, the defendant's minimum contacts with the forum state. Hyatt Int'l Corp., 302 F.3d at 716. A defendant is subject to specific personal jurisdiction if he "purposefully established 'minimum contacts' in the forum State" such that he "should reasonably anticipate being haled into court" in the forum state. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). Zenith does not argue that general personal jurisdiction exists in this case.

III.    Analysis

The court first examines whether WH-TV had sufficient contacts with Illinois such that it should reasonably foresee being haled into court in Illinois. WH-TV correctly observes that merely sending purchase orders and payments to Illinois is not sufficient to support a finding of personal jurisdiction. See RAR, Inc., 107 F.3d at 1277 ("an out-of-state party's contract with an in-state party is alone not enough to establish the requisite minimum contacts."). However, as

4

Zenith notes, WH-TV made numerous other contacts with Illinois, including communicating regarding a customized logo, reporting problems, and requesting support. WH-TV argues that the court should not consider these contacts because they were forced by Zenith's shipment of defective equipment, and thus were "unwilling" and not purposefully established with Illinois. According to WH-TV, the court should only consider the period prior to the time any defective equipment was delivered.

WH-TV cites only Jadair, Inc. v. Walt Keeler Co., 679 F.2d 131 (7th Cir. 1982), in support of its argument that contacts it made with Illinois after it received the STBs are irrelevant to the minimum contacts analysis. In Jadair, the defendant, a Kansas corporation, purchased a machine from the plaintiff, a Wisconsin corporation. Id. at 132. The machine did not work satisfactorily, and the defendant called and wrote to the plaintiff in Wisconsin, requesting that the plaintiff repair it. Id. at 132, 134. The plaintiff filed a declaratory judgment action in Wisconsin state court. Id. at 131. The defendant removed the case to federal court, where the district court dismissed the case for lack of personal jurisdiction. Id. at 131-32. On appeal, the Seventh Circuit affirmed the dismissal, rejecting the plaintiff's argument that the defendant's efforts to persuade the plaintiff to repair the machine constituted contacts sufficient to subject the defendant to the jurisdiction of the Wisconsin courts. Id. at 134. Specifically, the court reasoned that "[i]f selling the machine to a Kansas buyer is not sufficient to warrant bringing him into a Wisconsin court, [defendant's] later efforts to get the machine to work properly cannot add anything to the calculations." Id.

This court finds that Jadair is distinguishable from the case at bar. In Jadair, the defendant's contacts with the forum state were limited to requests for repair of the single piece of

equipment it had contracted to buy. Here, by contrast, WH-TV established an ongoing

relationship with Zenith's Illinois office through a variety of contacts involving the performance

of a related series of contracts. Moreover, although WH-TV characterizes its contacts as

"unwilling," WH-TV issued its fourth purchase order for additional STBs in the midst of its

continued negotiations with Zenith relating to the performance of the STBs, and it is only this

final contract that is the subject of Zenith's breach of contract claim against WH-TV. WH-TV's

contacts with Illinois were neither "random," "fortuitous," "attenuated," nor a result of Zenith's

"unilateral activity," but rather were purposeful availment of this forum. See Burger King, 471

U.S. at 475; see also Heritage House Restaurants, Inc. v. Continental Funding Group, Inc., 906

F.2d 276, 284 (7th Cir. 1990) (the existence of a continuing relationship with an Illinois company

can subject a non-resident to the jurisdiction of the Illinois courts). The court finds that, based on

these contacts, WH-TV should reasonably foresee being haled into an Illinois court.

Having determined that minimum contacts exist, the court next must consider whether it

would offend traditional notions of fair play and substantial justice to exercise personal

jurisdiction over WH-TV in this case. See Burger King, 471 U.S. at 476-78. No single factor is

dispositive to this inquiry, but the most important are the interests of the states involved and the

relative convenience of litigating there. See Kohler Co. v. Kohler Int'l, Ltd., 196 F. Supp. 2d

690, 700 (N.D. Ill. 2002).

Illinois has an interest in protecting the contract rights of companies located in Illinois,

and Zenith's principal place of business is in Illinois. In addition, although WH-TV argues that

litigating in Illinois would be inconvenient and expensive, the court does not find WH-TV's

burden in this regard to be a great one, given modern transportation and Chicago's status as a

6

transportation hub. Nor is the court persuaded by WH-TV's argument that litigating in Illinois would cause WH-TV confusion due to the different language and business culture in Illinois. WH-TV was apparently able to overcome any language and cultural barriers in dealing with Zenith, and the court has not observed any such difficulties in the more-than-two years WH-TV has been before this court in this case. The court concludes that the exercise of personal jurisdiction over WH-TV in this case does not offend traditional notions of fair play and substantial justice.

The exercise of personal jurisdiction over WH-TV in this case does not violate either the United States Constitution or the Illinois Constitution. Accordingly, the court will not disturb its February 20, 2002 order denying WH-TV's motion to dismiss for lack of personal jurisdiction. Given this conclusion, the court need not consider Zenith's arguments that WH-TV consented to personal jurisdiction based on a consent to jurisdiction provision contained in Zenith's sales orders, or that WH-TV waived its right to object to personal jurisdiction based on WH-TV's actions in this litigation.

**ORDERED:** Defendant WH-TV Broadcasting Corporation's Motion for Reconsideration of This Court's February 20, 2002 Order [764-1] is denied. Plaintiff Zenith Electronics Corporation's Motion for Leave to File Motion for Reconsideration of This Court's June 18, 2003 Order [774-1] is denied as moot.

ENTER:

_George W. Lindberg_

George W. Lindberg
Senior United States District Judge

DATED: FEB 0 4 2004