Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4366 | **DATE** | JUL 16 2004 |
| **CASE TITLE** | Zenith Electronics Corp. vs. WH-TV Broadcasting Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

WH-TV's Motion to Vacate April 14, 2004 Order Awarding Costs to Zenith

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] WH-TV's Motion to Vacate April 14, 2004 Order Awarding Costs to Zenith [834-1] is granted. On 4/12/04, Zenith filed a bill of costs under Fed. R. Civ. P. 54(d), seeking costs in the amount of $219,892.22 from WH-TV. The clerk taxed these costs on 4/14/04. However, Zenith waived this claim for costs in a stipulation filed with the court on 11/12/03, in which Zenith and WH-TV stated that "WHTV and Zenith each hereby waive against the other any claim for costs pursuant to Fed.R.Civ.P. 54(d)(1)."

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ZENITH ELECTRONICS CORPORATION, | ) | |
|---|---|---|
| Plaintiff/Counter-Defendant, | ) ) ) | 01 C 4366 |
| v. | ) ) | Judge George W. Lindberg |
| WH-TV BROADCASTING CORPORATION, | ) ) | |
| Defendant/Counter-Plaintiff. | ) | |

**DOCKETED**
JUL 1 9 2004

**MEMORANDUM OPINION AND ORDER**

Before the court are Zenith Electronics Corporation's ("Zenith") and WH-TV Broadcasting Corporation's ("WH-TV") motions to review costs taxed in favor of General Instrument Corporation ("GI") and Motorola, Inc. ("Motorola"). For the reasons stated below, WH-TV's motion to vacate the costs taxed against it is granted in part and denied in part, and Zenith's motion is granted.

I. **Background**

In 1999 and 2000, Zenith sold digital television equipment to WH-TV. On July 17, 2000, Zenith sold to GI the Zenith division that was responsible for manufacturing the equipment. Under the agreement governing the sale, GI agreed to indemnify Zenith from all losses relating to certain assumed liabilities.

On June 11, 2001, Zenith brought this breach of contract action against WH-TV, alleging that WH-TV failed to pay Zenith for the equipment. WH-TV counterclaimed, alleging that the equipment was defective and did not conform to the promises Zenith had made. WH-TV later added GI and Motorola (GI's parent company) as third-party defendants. Zenith filed a cross-claim for indemnification against GI, in the event that Zenith was held liable to WH-TV.

On March 12, 2004, this court entered judgment against WH-TV and in favor of GI and Motorola on WH-TV's Second Amended Third-Party Complaint. The same day, the court entered judgment against Zenith and in favor of GI on Zenith's cross-claim for indemnification.[1] GI and Motorola filed a bill of costs, requesting that the Clerk of Court tax costs in the amount of $357,618.82 jointly and severally against WH-TV and Zenith. Pursuant to Federal Rule of Civil Procedure 54(d)(1), the clerk taxed these costs. WH-TV and Zenith each filed a timely motion asking the court to review this action by the clerk.

## II. <u>Legal Standard</u>

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party" unless a statute, federal rule of civil procedure, or the court otherwise directs. Recoverable costs are listed in 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Courts may not award costs not authorized by statute. <u>Barber v. Ruth</u>, 7 F.3d 636, 644 (7th Cir. 1993); <u>Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.</u>, 924 F.2d 633, 642 (7th Cir. 1991).

---

[1] Also on March 12, 2004, judgment was entered in favor of Zenith and against WH-TV on Count I of Zenith's First Amended Complaint. Judgment was entered in favor of Zenith and against WH-TV on Count I of WH-TV's Third Amended Counterclaim, and in favor of WH-TV and against Zenith on Count II of WH-TV's Third Amended Counterclaim.

2

### III.  Zenith's Objections to GI's and Motorola's Bill of Costs

The court first considers Zenith's argument that GI's and Motorola's claim for costs against Zenith should be denied in its entirety because GI and Motorola failed to segregate the costs attributable to GI's defense of Zenith's indemnification claims. GI and Motorola collectively seek to impose costs jointly and severally against WH-TV and Zenith, without specifying which of those costs GI incurred defending against Zenith's claims. Zenith asserted claims only against GI in this litigation, and asserted no claims against Motorola. Therefore, only GI was a prevailing party with respect to Zenith's claims against it, and Motorola cannot recover costs from Zenith, as it is attempting to do here. Since GI and Motorola have failed to indicate which costs GI incurred defending against Zenith's claims, the court will deny their claim for costs against Zenith in its entirety.

Moreover, joint and several liability would be inappropriate here, even if it were clear which costs were incurred by GI and which by Motorola. GI and Motorola fail to differentiate between which costs were incurred defending against Zenith's claims, and which costs were incurred defending against WH-TV's claims. GI and Motorola argue that this is appropriate because their costs related to matters applicable to both Zenith's and WH-TV's claims. GI and Motorola explain that since Zenith sought indemnification from GI for WH-TV's claims against Zenith in this action, and since WH-TV asserted claims against Zenith for the same failings for which it sought compensation from GI and Motorola, Zenith's claims against GI were essentially the same as WH-TV's claims against GI and Motorola. Accordingly, argue GI and Motorola, any documents relevant to their defense against WH-TV's claims were also relevant to GI's defense against Zenith's claims.

3

Generally, liability for costs is joint and several when there are multiple parties on the non-prevailing side. See White v. Sundstrand Corp., 256 F.3d 580, 586-87 (7th Cir. 2001). However, joint and several liability for costs is not appropriate where the claims by the non-prevailing parties against the prevailing party were different in kind. See In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 471 (3d Cir. 2000).

Here, Zenith's indemnification claims raised the issue of which of Zenith's obligations GI assumed under the agreement governing the asset sale. By contrast, WH-TV's complaint against GI and Motorola included promissory and equitable estoppel claims relating to promises Motorola made to WH-TV and work that Motorola performed after the asset sale. Accordingly, the defense against Zenith's claims would not have required the same discovery needed to defend against WH-TV's claims. In addition, although the court cannot determine which costs GI and Motorola would have incurred defending against WH-TV's claims, the court's experience with this case leads the court to conclude that those costs would have been greater than the costs GI incurred defending against Zenith's indemnification claims.

The costs of defending against Zenith's claims should have been segregated from the costs of defending against WH-TV's claims.[2] Cf. Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 497 (8th Cir. 2002) (joint and several liability appropriate where non-prevailing parties were represented by same counsel, had common theories of liability, and sought the same discovery); Petit v. City of Chicago, No. 90 C 4984, 2003 WL 22339277, at *3 (N.D. Ill. Oct. 10,

---

[2] WH-TV does not contest any of the claimed costs on the basis that they were incurred solely defending against Zenith's indemnification claims. Indeed, WH-TV urges the court to tax GI's and Motorola's costs jointly and severally on WH-TV and Zenith. Therefore, WH-TV has waived the argument that costs relating to WH-TV's claims should have been separated from those relating to Zenith's claims.

4

2003) (joint and several liability appropriate where non-prevailing parties were represented by same counsel, and almost all of costs incurred related to general matters applicable to each plaintiff's claim). Since GI and Motorola did not differentiate between the costs incurred defending against Zenith's claims, and those incurred defending against WH-TV's claims, joint and several liability for costs would be inappropriate.

## IV. WH-TV's Objections to GI's and Motorola's Bill of Costs

### A. Transcripts and Deposition Exhibits (Bill of Costs at 1-9)

GI and Motorola claim hearing transcript costs of $1,297.12. WH-TV argues that GI and Motorola improperly seek to recover the higher cost of transcripts ordered on an expedited basis, and that they should be allowed to recover only the cost of transcripts at the regular, non-expedited rate. GI and Motorola respond that WH-TV ordered many of the transcripts on an expedited basis, and that GI and Motorola merely ordered the transcripts on the same terms. GI and Motorola argue that they would have been prejudiced if WH-TV and Zenith had had the benefit of expedited transcripts and GI and Motorola had not, and note in general fashion that the parties appeared in court nearly every week, sometimes on multiple motions, and that briefing schedules were tight.

Local Rule 54.1(b) provides that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." Prior to February 28, 2003, the Judicial Conference rate allowed for original transcripts was $3.00 per page, and the rate allowed for copies was $0.75 per page. See Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 455 (7th Cir. 1998). The rate allowed for

expedited original transcripts was $4.00 per page. Id. Since February 28, 2003, the Judicial Conference rate allowed for original transcripts has been $3.30 per page, and the rate allowed for copies has been $0.83 per page. Angevine v. WaterSaver Faucet Co., No. 02 C 8114, 2003 WL 23019165, at *3 (N.D. Ill. Dec. 23, 2003). The rate allowed for expedited original transcripts has been $4.40 per page. Herman v. Central States, S.E. & S.W. Areas Pension Fund, No. 03 C 1010, 2003 WL 22955996, at *1 (N.D. Ill. Dec. 15, 2003).

The court is not persuaded by GI's and Motorola's argument that they should be entitled to costs at the expedited rate merely because WH-TV and Zenith were spending that much as well. While expedited transcripts may well have been justified in some instances, given the pace of the litigation, GI and Motorola do not explain specifically why each of the expedited transcripts was necessary. Accordingly, GI and Motorola will be awarded only the standard rate for the hearing transcripts, and not the expedited rate.

GI and Motorola claim deposition transcript costs of $11,309.73. As with the hearing transcripts, many of these transcripts were ordered on an expedited basis. GI and Motorola explain that an expedited transcript of WH-TV's expert, Merrill Weiss, was necessary based on the short amount of time between Weiss's deposition and the deadline for submit GI's and Motorola's expert report. GI and Motorola explain in conclusory fashion that the other expedited transcripts were "necessitated by the fast pace of the litigation." The court will award GI and Motorola the expedited rate permitted by the Judicial Conference for the Weiss transcript. However, the court will award only the standard rate for transcripts other than the Weiss transcript.

WH-TV argues that GI and Motorola claim unreasonable photocopy amounts for copying

deposition exhibits. Motorola paid $0.40 per page for some of these copies, $0.30 per page for others, and $0.16 per page for others. Copy rates up to $0.20 per page have been found to be reasonable. See, e.g., Santiago v. Orland Park Motor Cars, Inc., No. 01 C 8293, 2004 WL 434208, at *4 (N.D. Ill. Feb. 18, 2004); Hanson v. Prairie Material Sales, Inc., No. 00 C 1574, 2002 WL 58791, at *2 (N.D. Ill. Jan. 16, 2002). GI and Motorola do not cite any authority that finds copy rates exceeding $0.20 per page to be reasonable. Accordingly, the claimed amounts in excess of $0.20 per page must be reduced to $0.20 per page.

**B.  Memoranda and Motions Submitted to the Court (Bill of Costs at 11-21)**

WH-TV objects to GI's and Motorola's claim for costs of copies for their own use of memoranda and motions submitted to the court. A party may only recover the cost of copies of such documents provided to the court and opposing counsel; it may not recover the cost of copies made for its own use. Weiland v. Linear Constr., Ltd., No. 00 C 6172, 2004 WL 783097, at *2 (N.D. Ill. Jan. 8, 2004); see also Haroco, Inc. v. American Nat'l Bank & Trust Co., 38 F.3d 1429, 1441 (7th Cir. 1994). The court will award copying costs for only three copies of documents filed with the court: one for the court, one for WH-TV, and one for Zenith.

WH-TV argues that the court should disallow all copying costs relating to GI's and Motorola's motions for summary judgment filed on February 28, 2003, on the basis that those motions were "spurious." On February 26, 2003, the court set a schedule for filing and briefing motions for summary judgment relating to claims against GI and Motorola. Under that schedule, the deadline for filing such motions was April 30, 2003. WH-TV argues that GI and Motorola filed their motions "in direct contravention of a court order," by filing them prior to the deadline. This argument is misplaced. GI and Motorola were free to file their motions at any time up to the

deadline. While their strategy to file their motions early proved misguided, since the court declined to give them the expedited briefing schedule and ruling they sought, and while GI and Motorola eventually filed another motion for summary judgment on the court's deadline, the court cannot say that this strategy constituted misconduct. See Congregation of the Passion v. Touche, Ross & Co., 854 F.2d 219, 222 (7th Cir. 1988) ("Generally, only misconduct by the prevailing party worthy of a penalty ... or the losing party's inability to pay will suffice to justify denying costs."). These costs will be allowed.

### C. Pretrial Order Drafts (Bill of Costs at 17-18, 20-21)

GI and Motorola claim costs for copies of its witness and exhibit lists, and its objections to those of WH-TV and Zenith, which were circulated among the parties during the preparation of the final pretrial order. WH-TV argues that such costs are not recoverable because the copies were drafts that were not submitted to the court. These costs will be allowed; GI and Motorola were required to exchange copies of documents with WH-TV and Zenith in the course of preparing the pretrial order. See LR 16.1 (Standing Order Establishing Pretrial Procedure).

However, the court agrees with WH-TV that GI and Motorola have not adequately described copies denoted "Portions of the Final Pre-Trial Order" (Bill of Costs at 20-21) to allow the court to determine whether they were reasonably necessary for use in the case. The costs of these copies will not be allowed.

Finally, GI and Motorola claim costs for four copies of the final pretrial order. Since Zenith was charged with submitting the final version of the pretrial order to the court, GI and Motorola can recover only the cost of one copy each for their own use.

**D. Production of Paper Documents (Bill of Costs at 23-27)**

GI and Motorola seek reimbursement for costs incurred copying and numbering paper documents, which was done to enable GI and Motorola to review the documents prior to producing the responsive, non-privileged documents.[3] WH-TV argues that such costs are not recoverable because the copying and numbering was done merely for GI's and Motorola's convenience. This court has previously stated that although making an additional copy of documents for a party's own use may be convenient, and that although Bates numbering may be useful for organizing large volumes of documents, "there is no provision in the statute for recovering the expense of organizing documents in a party's case in general or of Bates numbering in particular." See Baxter Int'l v. McGaw, Inc., No. 95 C 2723, 1998 WL 102668, at *3 (N.D. Ill. Mar. 3, 1998). The cost of the copies made for GI and Motorola, and the cost of Bates numbering will not be recoverable.

WH-TV argues that the costs GI and Motorola incurred redacting documents are not recoverable under 28 U.S.C. § 1920. GI and Motorola do not respond to this argument. The court agrees with WH-TV that because redaction is typically a task performed by an attorney or paralegal, costs incurred redacting documents are attorney's fees, and not costs recoverable under Section 1920. Accordingly, these redaction costs will not be allowed.

**E. Pleading Books (Bill of Costs at 23)**

GI and Motorola claim $1,036.17 in costs paid to WH-TV to copy WH-TV's set of documents filed with the court before GI and Motorola entered the case. WH-TV argues that the

---

[3] Apparently these costs do not include the cost of the copies actually produced to WH-TV, which were paid by WH-TV.

9

cost of such copies is not recoverable because the documents were not necessary for the presentation of evidence to the court, citing McIlveen v. Stone Container Corp., 910 F.2d 1581, (7th Cir. 1990).

The court finds McIlveen to be distinguishable from the present case on this issue. In McIlveen, the Seventh Circuit affirmed the district court's determination that money the defendant spent to copy court filings was not recoverable, on the basis that those copies were not necessary for use in presenting evidence to the court. McIlveen, 910 F.2d at 1584. However, McIlveen does not change prior authority that the "underlying documents need not be introduced at trial in order for the cost of copying them to be recoverable," as stated in Illinois v. Sangamo Constr. Co., 657 F.2d 855, 867 (7th Cir. 1981). Unlike in McIlveen, here GI and Motorola are seeking to recover the costs of copies of documents filed with the court before they entered the case. While the defendant in McIlveen was a party in the case from the beginning, and therefore already would have been served with the court documents it later copied, GI and Motorola were not. The court concludes that the documents filed with the court before GI and Motorola became parties were necessarily obtained for use in the case. GI and Motorola will be allowed to recover the cost of these copies.

### F. Production of Documents Stored in Electronic Format

#### 1. Printing electronic documents (Bill of Costs at 23)

GI and Motorola seek to recover $2,088.72 in costs incurred printing documents stored on computer disks, for the purpose of enabling GI and Motorola to review and produce those documents. GI and Motorola do not assert that these documents could not be produced in their original electronic form. Printing the documents was done for GI's and Motorola's convenience,

10

and will not be recoverable.

### 2. Computer time (Bill of Costs at 23)

GI and Motorola seek to recover $1,175.00 for "computer time." In support of this claim, GI and Motorola cite Martin v. United States, 931 F.2d 453 (7th Cir. 1991). Martin is not applicable here, however, since that case dealt with the recovery of costs under Federal Rule of Appellate Procedure 39(c). Expenditures for computer time are not provided for in 28 U.S.C. § 1920, and cannot be recovered.

### 3. Computer consultant costs for searching and printing Lotus Notes disks (Bill of Costs at 28)

GI and Motorola seek to recover $2,768.72 in costs incurred for a computer consultant to "search for, and print, potentially responsive documents on 15 computer disks containing voluminous but archaic Lotus Notes files copied from the computer server hard drive used by Zenith...." The cost of a computer consultant is not listed as a recoverable expense under Section 1920. Nor can the cost of the consultant's review for responsive documents be considered part of the cost of reproducing documents, as GI and Motorola suggest. See Stark v. PPM Am., Inc., No. 01 C 1494, 2003 WL 21223268, at *8 (N.D. Ill. May 23, 2003), aff'd, 354 F.3d 666 (7th Cir. 2004) (rejecting request for cost for outside vendor hired to process e-mails "as this expense cannot be read into the statute."). Conducting such a review is the kind of work that is typically performed by attorneys, and thus costs incurred in doing so are attorney's fees, and not costs recoverable under Section 1920. Moreover, while the court can imagine that there may be circumstances in which it would be necessary to print documents that cannot be produced in their original electronic form, GI and Motorola do not explain why printing was necessary in this case,

11

or indicate what portion of the computer consultant's fees were incurred printing the documents. The $2,768.72 in costs incurred for a computer consultant will not be recoverable.

### 4. Costs relating to documents on nineteen computer disks compiled by WH-TV's computer consultants (Bill of Costs at 28-30)

On December 11, 2002, this court issued an order permitting WH-TV to engage a consultant to examine Motorola's computer system for files relating to Zenith and WH-TV. WH-TV's consultant, Computer Forensics, prepared a protocol to govern how it would conduct its examination. That protocol provided that Computer Forensics would supply an electronic copy of the files it retrieved to counsel for Motorola. Motorola's counsel would review the data for privilege, and provide Computer Forensics with a list of file names to be redacted. Computer Forensics would then copy the files to CD-ROMs or DVDs, redacting privileged documents, and then would ship the CD-ROMs or DVDs to WH-TV.

Motorola objected to certain elements of Computer Forensics' protocol, and moved for a protective order that would govern the examination in a manner that Motorola preferred. Motorola's motion did not object to the provision in the protocol that the files would be provided to WH-TV in electronic form, and did not propose that Motorola would print the files. WH-TV moved to compel Motorola's cooperation under the terms of Computer Forensics' protocol. On February 19, 2003, this court granted WH-TV's motion to compel, and invited counsel to file an emergency motion if problems arose under the protocol.

According to GI and Motorola, in April and May 2003, Computer Forensics provided nineteen computer disks containing the results of its review to GI and Motorola. GI and Motorola then engaged a service to print and number the documents contained on the disks.

When printed, the documents filled approximately 269 boxes. After reviewing the documents for privilege, GI and Motorola produced the non-privileged documents to WH-TV, in paper form. WH-TV paid for its paper copy of the production. According to GI and Motorola, they incurred $109,627.46 in costs for printing and numbering these documents.

On April 25, 2003, WH-TV moved to compel Motorola to produce the files in electronic form. WH-TV stated that it was necessary to have the files in electronic form, because the electronic files contained "metadata" that are not printed on the hard copies. WH-TV also noted that having the files in electronic form would allow it to search them more easily. On May 2, 2003, this court granted WH-TV's motion to compel.

Following the issuance of this court's May 2, 2003 order, GI and Motorola engaged their own consultant to search the nineteen disks to identify the file names that corresponded to the paper documents that had been deemed to be privileged. GI and Motorola provided a list of these file names to Computer Forensics, so that the electronic files could be redacted from the disks. Finally, GI's and Motorola's consultant reviewed the disks to ensure that Computer Forensics had removed all privileged files from them. According to GI and Motorola, they incurred an additional $182,595.47 in costs for their consultant's work.

Given that GI and Motorola were able to produce the files in electronic form, printing them was merely for GI's and Motorola's convenience, and was not necessary for their production. In addition, as noted above, the cost of numbering documents is not recoverable under 28 U.S.C. § 1920. Finally, as also noted above, the cost of a computer consultant is not listed as a recoverable expense under Section 1920, and the cost of a consultant's work of reviewing files for privilege and preparing them for production is not recoverable. Accordingly,

neither the $109,627.46 in costs GI and Motorola incurred for printing and numbering the documents, nor the $182,595.47 in costs for their consultant's work, will be recoverable.

**ORDERED:** WH-TV's Motion to Vacate April 14, 2004 Order Awarding Costs to Motorola/GI and Objecting to Motorola/GI's Bill of Costs [835-1] is granted in part and denied in part. Zenith's Motion to Review Costs Taxed In Favor of General Instrument Corp. and Motorola, Inc. [832-1] is granted. The costs taxed on April 14, 2004 are vacated. GI and Motorola are ordered to submit a revised bill of costs to be taxed against WH-TV, consistent with this order, on or before July 23, 2004. WH-TV's objections to the revised bill of costs, which should only address the manner in which the revised bill of costs does not conform to this order, are due July 30, 2004.

ENTER:

*George W. Lindberg*
George W. Lindberg
Senior U.S. District Judge

DATED: JUL 1 6 2004